KINNEY *v.* CADILLAC MOTOR CAR CO.

1. EVIDENCE—ADMISSIBILITY—DECLARATIONS.

In proceedings for compensation for the death of an employee under the workmen's compensation act, although statements made by deceased relating to his feelings, mental or physical, are admissible in evidence, statements made as to the cause of accident or source of injury are inadmissible.

2. MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — EVIDENCE—COMPETENCY.

The decision of the industrial accident board will not be reversed because of the admission of incompetent evidence if any competent evidence sustains its conclusion.

3. SAME—WORKMEN'S COMPENSATION ACT—PERSONAL INJURIES—INFECTION—EVIDENCE—OUT OF AND IN COURSE OF EMPLOYMENT.

Evidence that deceased, a motor car manufacturing company employee, when he left his rooming house in the morning to go to work had no bandage on his thumb; that he worked 10 hours that day at assembling brake and clutch pedals; that abrasions were a common form of injury; that shortly before quitting time he went to his foreman and exhibited his left thumb, which was dirty, torn up and clotted over with blood, some of which appeared to be fresh; that at the foreman's order he went to the company's doctor and received the regular treatment, according to the practice; that he returned to his rooming house between 5:30 and 5:45 p. m. that day with his thumb bandaged; that next day a physician who was called found the thumb well bandaged but an infected abrasion at the first joint; that septicæmia followed, and deceased died therefrom three weeks later, tended to show an accident arising out of and in the course of the employment.[1]

Certiorari to Industrial Accident Board. Submitted October 18, 1917. (Docket No. 85.) Decided December 27, 1917.

[1] On construction and effect of workmen's compensation acts, generally, see comprehensive note in L. R. A. 1916A, 23, L. R. A. 1917D, 80.

Selina I. Kinney presented her claim for compensation against the Cadillac Motor Car Company for the accidental death of her husband in defendant's employ. From an order awarding compensation, defendant brings certiorari. Affirmed.

*J. H. Goldie,* for appellant.

*Miller, Smith, Canfield, Paddock & Perry,* for appellee.

OSTRANDER, J. Claimant's decedent was employed by the Cadillac Motor Car Company at an average weekly wage of $12.98. Claimant was totally dependent upon deceased and entitled to compensation, if at all, at the rate of $6.49 per week for 300 weeks. Her decedent died March 21, 1916, from general septicæmia, resulting from an abrasion on his left thumb. The committee of arbitration declined to make an award. Its determination was reversed by the industrial accident board, which considered the testimony produced to the arbitration committee and some further testimony taken by depositions. It was found:

"(1) That on February 29, 1916, George R. Kinney did receive an accidental injury arising out of and in the course of his said employment with the respondent, Cadillac Motor Car Company.

"(2) That the death of George R. Kinney was due to general septicæmia resulting from the said accidental injury, and that the proximate cause of the death was the accidental injury received by the deceased in the course of his employment.

"(3) That there is no testimony in the case tending to show any intentional and wilful misconduct or any misconduct whatever on the part of the deceased employee."

It is the contention of the respondent, plaintiff in certiorari, that there is no competent evidence to establish the fact of an accidental injury to claimant's decedent, arising out of and in the course of his em-

ployment. In this connection it is said that the only evidence tending to show that he received such an injury is hearsay and inadmissible.

It was held in *Reck* v. *Whittlesberger,* 181 Mich. 463 (148 N. W. 247, Am. & Eng. Ann. Cas. 1916C, 771), that although statements made by an injured employee relating to his feelings, mental or physical, are admissible in evidence in such proceedings, statements made as to the cause of the accident or source of injury are not admissible; but that the admission of such incompetent testimony would not necessarily require a reversal of the decision of the board, if there was otherwise a legal basis for its conclusion. To the same effect, as to sustaining the conclusion of the board, is *Fitzgerald* v. *Lozier Motor Co.,* 187 Mich. 660 (154 N. W. 67). It is necessary, therefore, to examine all of the testimony considered by the board to see if any competent evidence sustains its conclusion.

Claimant's decedent roomed at the home of the witness Mrs. Collins. The testimony tends to prove that on February 29, 1916, he had no bandage on his thumb when he went away to his work in the morning. He worked 10 hours that day, his duty being to assemble brake and clutch pedals. In this employment, abrasions are a common form of injury. Shortly before quitting time, claimant's decedent went to his foreman, and exhibited his left thumb, which was dirty, naturally, torn up, and clotted over the thumb nail with blood—some of the blood looked to be fresh. The foreman told him to go to the doctor. The plaintiff in certiorari kept a doctor, his office being across the street from the place where the deceased worked. Deceased went out and proceeded in the direction of the doctor's office—the hospital maintained in the plant. It was the foreman's practice, if not his duty, to send, or direct, an injured man to the doctor's office. De-

ceased returned to his rooming house between 5:30 and 5:45 that day with his left thumb bandaged. He was ill and lay down. Next day a physician was called. He found the thumb bandaged as a professional man would bandage it and painted with iodine, with an abrasion at the first joint. The abrasion was infected, septicæmia followed, and deceased died therefrom March 21, 1916. I have omitted all reference to testimony which can be called hearsay; all reference to the statements of the deceased as to when and how he received the injury. But assuming the facts to be those I have stated, I think they support the inference that the injury arose out of and in the course of the employment.

No reversible error appears.

KUHN, C. J., and STONE, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.