## WILSON v. PHŒNIX FURNITURE CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—PERSONAL INJURIES—FINDING OF INDUSTRIAL ACCIDENT BOARD.

On certiorari to review an award by the industrial accident board, under the workmen's compensation act, where there was competent testimony upon which to base the finding of the board that a fall which plaintiff suffered and which caused his injury, was caused by tripping on a nail protruding from the floor, the award of the board will not be disturbed.

Certiorari to Industrial Accident Board. Submitted April 5, 1918. (Docket No. 41.) Decided June 3, 1918.

See notes in L. R. A. 1916A, 23; L. R. A. 1917D, 80.

James T. Wilson presented his claim for compensation against the Phœnix Furniture Company for injuries received in defendant's employ. From an order awarding compensation, defendant and the Furniture Mutual Insurance Company, insurer, bring certiorari. Affirmed.

*Francis D. Campau,* for appellants.

*J. T. Preston,* for appellee.

Plaintiff, an employee of defendant furniture company, describes the accident as follows:

"When I got hurt I was running one of them small single-head, I was standing up working this way (indicating), and there was kind of a rack or table behind me where I got stock. I shaped a piece, turned around, laid it down. I picked up another piece, I remember I got about that far around (indicating 45 degrees). I don't remember any farther until those two men had me on my feet."

He struck his head in the fall causing a scalp wound and fractured two ribs. He was at the time nearly 71 years old and had worked off and on for the furniture company many years. Prior to the accident he had slight attacks of dizziness or weak spells, but claims never to have fallen in any of them and says they were nothing to speak of. Employees of defendant called by it testify that they had never seen him fall before or any indications of fainting spells; there was testimony that there were nails protruding from the floor where plaintiff worked and on two occasions before this, he testifies, he had tripped on them. He says:

"I can't account for falling unless that there was several nails where the heads was up and I had tripped a couple of times on them.
"Q. Where were the nails?
"A. In the floor.

"*Q.* Where you were standing?

"*A.* Right in front of the machine, like that (indicating).   When I turned around like that probably might have caught my foot and throwed me, and that's the only way I can account for the fall."

The industrial accident board found that the nails in the floor caused the accident, that this was more likely to cause his fall than the sudden coming on of a dizzy spell, and awarded compensation.   The defendant brings the case here and insists that upon the whole record the cause of the accident is too conjectural to warrant and support the finding.

FELLOWS, J. (*after stating the facts*).   In *Ayr Steam Shipping Co.* v. *Lendrum,* 6 B. W. C. C. 326, Lord Dundas said:

"I think one may deduce from the decisions (1) that the burden is always upon the applicant to prove that death resulted from an accident arising out of as well as in the course of the employment; (2) that such proof need not be by direct but may be by circumstantial evidence, but there must be facts from which an inference can be drawn, as distinguished from mere conjecture, surmise, or probability; and (3) that an award by an arbiter cannot stand unless the facts found are such as to entitle him reasonably to infer his conclusion from them."

This language was quoted with approval by this court in *Hills* v. *Blair,* 182 Mich. 20.   It was said by Lord Loreburn in *S. S. "Swansea Vale"* v. *Rice,* 4 B. W. C. C. 298, a case determined by the House of Lords:

"Now, my Lords, the question here being whether there is any evidence that justifies the County Court Judge in arriving at the conclusion which he did, I must point out that the difference between what is evidence of a fact and what is merely guessing at the fact is one that cannot be defined in any formula that one can invent.   What you want is to weigh the probabilities, to see if there be proved facts sufficient to enable you to have some foothold or ground for compar-

ing and balancing the probabilities, and their respective values, one against the other."

And it has been frequently held by this court that it was within the province of the board to draw the legitimate inferences from the facts proven and the circumstances established.

In the case of *Van Gorder* v. *Motorcar Co.*, 195 Mich. 588, we had before us the case of a workman predisposed to epilepsy, falling in an epileptic fit from a scaffold, causing his death. We there held that the accident did not arise out of deceased's employment, but was due solely to the epileptic fit and denied compensation. But in that case the board found as a fact, and there was evidence and circumstances to support it, that the fall which deceased suffered was caused by the epileptic fit. Here the board has found, and the circumstances permit the inference, that the fall which plaintiff suffered was caused by tripping on a nail protruding from the floor. While plaintiff testifies that at times he had been dizzy and weak, he also testifies that it was nothing to speak of, but slight, and never sufficient to cause him to lose his balance and fall. His fellow workmen and superiors in the plant who saw him daily never noticed any appearance of dizziness or fainting, and never saw him fall before. The fact that he did not recall just how the accident happened is in no way extraordinary when we contemplate that in the fall he struck his head with sufficient force to inflict a gash in his scalp. He was over 70 years of age—not as nimble as in his younger years—and had had trouble with his limbs and feet a short time before. We are not persuaded that we should say, as matter of law, that the cause of the accident under the evidence in the case is so conjectural as to require us to set aside the finding and award of the board. See *Grove* v. *Paper Co.*, 184 Mich. 449; *Papinaw* v. *Railway Co.*, 189 Mich. 441;

*Kinney* v. *Motor Car Co.*, 199 Mich. 435; *Meyers* v. *Railroad Co.*, 199 Mich. 134; *Holnagle* v. *Fuel & Gas Co.*, 200 Mich. 132; *Wishcaless* v. *Hammond, Standish & Co., ante,* 192; *S. S. "Swansea Vale"* v. *Rice, supra; Fennah* v. *Railway,* 4 B. W. C. C. 440; *Carroll* v. *Stables Co.*, 38 R. I. 421.

The award will be affirmed.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.