HUBBARD *v.* REPUBLIC MOTOR TRUCK CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—INDUSTRIAL ACCIDENT—EVIDENCE—CONJECTURE.

> Where an employee ceased work on Saturday noon, and the following Monday a scratch upon his hand was observed which developed septic poisoning and caused his death, testimony that the last week of his employment

On conclusiveness of findings and sufficiency of evidence as to whether or not injury arose out of and in the course of the employment, see note in L. R. A. 1918F, 915.

he was engaged in work which might have resulted in scratches, *held,* too indefinite to sustain an award to his dependents under the workmen's compensation act, in the absence of definite testimony that deceased had suffered a scratch in such employment during the last week thereof or at any other definite time; the finding of the industrial accident board that the scratch was an accidental injury arising out of and in the course of his employment resting upon conjecture.

Certiorari to Industrial Accident Board.   Submitted October 6, 1921.   (Docket No. 23.)   Decided December 21, 1921.

B. C. Hubbard, guardian of Kenneth, Raymond, Ford and Forrest Weeks, presented his claim for compensation against the Republic Motor Truck Company for the accidental death of their decedent in defendant's employ.   From an order awarding compensation, defendant and the Travelers Insurance Company, insurer, bring certiorari.   Reversed and order vacated.

*Vandeveer & Foster,* for appellants.

*William A. Bahlke,* for appellee.

CLARK, J.   Was the death of James Weeks due to an accidental personal injury arising out of and in the course of the employment?   The board found that it was and made an award which defendants review here on certiorari.   The employment ended Saturday noon, May 15, 1920.   The following Monday forenoon a scratch upon Mr. Weeks' hand was observed and there was testimony of swelling and of red streaks upon the hand.   Later a doctor was consulted, who found a developed case of septic poisoning.   The scratch and the resulting infection caused the death. Based upon the condition and appearance of the hand

on Monday forenoon, as related by witnesses, there was medical testimony that the scratch had been suffered not less than 48 hours and not more than 6 days prior thereto. This brought the time of injury within the last week of the employment. There was testimony that a part of the employment was spreading cotter pins, which was likely to produce scratches upon the hands, that Mr. Weeks and another employee had been so scratched several times in such work. There was no testimony that Mr. Weeks had suffered a scratch in such employment during the last week thereof or at any other definite time. There was testimony that he did many and various chores about his home, including gardening and housework, and that he kept and cared for a cow. A finding that the scratch was an accidental personal injury arising out of and in the course of the employment rests upon conjecture and cannot be sustained.

Plaintiff relies on the cases of *Buhse* v. *Whitehead & Kales Iron Works*, 194 Mich. 413, and *McRae* v. *Morgan & Wright*, 205 Mich. 493. But in those cases there was evidence that accidental personal injury was actually received in the course of the employment, and this may be said of *Kinney* v. *Cadillac Motor Car Co.*, 199 Mich. 435. See *Ginsberg* v. *Burroughs Adding Machine Co.*, 204 Mich. 130; *Chaudier* v. *Stearns & Culver Lumber Co.*, 206 Mich. 433; *Guthrie* v. *Detroit Shipbuilding Co.*, 200 Mich. 355; *Draper* v. *Regents of University*, 195 Mich. 449.

The award is vacated.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.