(No. 15295.—Reversed and remanded.)

THE WESTERN SHADE CLOTH COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ANNA SLEZAK, Defendant in Error.)

*Opinion filed June 20, 1923.*

1. WORKMEN'S COMPENSATION—*meaning- of word "accident."* The word "accident" is not a technical legal term with a clearly defined meaning, but anything that happens without design is commonly called an accident.

2. SAME—*when infection is an accidental injury in course of employment.* Where the nature of an employee's work is such as to cause a blister on the thumb, an infection which set in after the breaking of the blister may be regarded as an accidental injury in the course of the employment, where the employee continued to work after the breaking of the blister and the asumption is justified that the infection took place on the employer's premises.

3. SAME—*when an award for permanent partial loss of use of thumb is excessive.* An award of compensation for permanent loss of seventy per cent of the use of a thumb which became infected in the course of employment is excessive, where the evidence is not disputed that if the employee had accepted the reasonable advice of physicians who treated the injury it would not have been as serious as it turned out to be, and where the only witness testifying to percentage of permanent loss of use placed it at from thirty to forty per cent.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. LEE W. CARRIER, Judge, presiding.

GALLAGHER, KOHLSAAT, RINAKER & WILKINSON, for plaintiff in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

Defendant in error, Anna Slezak, filed her application for adjustment of claim before the Industrial Commission, the application reciting that on February 14, 1920, she was injured by reason of an accident arising out of and in the course of her employment by the Western Shade Cloth Company. The arbitrator found in her favor and that she

was entitled to receive $11.05 per week for thirty-one weeks for temporary total incapacity; that there were three minor children, and that she was entitled to the further sum of $11.05 per week for forty-two weeks under paragraph (*e*) of section 8 of the Workmen's Compensation act, for the reason that the injury sustained caused a loss of seventy per cent of the use of the right thumb, $530.40 being the amount accrued to the date of the hearing. On review the arbitrator's award was confirmed by the Industrial Commission and the latter's decision was affirmed in the circuit court, and the case has been brought here by writ of error.

It appears from the record that first aid, medical, surgical and hospital service has been furnished by the plaintiff in error.

The facts concerning the injury may be briefly stated in substance, that the applicant's work consisted of tending to a machine for waxing cloth for automobile tops and chairs, and as a part of her duties she was required to hold the cloth taut and straight as it passed over a roller. As a result of holding the cloth with some pressure, or rubbing, a blister developed on her right thumb and broke, and shortly thereafter the thumb became infected, causing considerable pain. She went to Dr. Koch, the company doctor, who gave her some medicine, and she also talked with the company nurse about the matter. While she was taking treatments from Dr. Koch he asked her to take a certain course of treatments, including lancing the thumb, but he testified that she refused to follow his directions in part, if not wholly. The company nurse, at Dr. Koch's suggestion, went to Mrs. Slezak's home to visit her after she refused to follow his directions as to treatment. She told the nurse her thumb was worse instead of better but refused to allow the nurse to dress the thumb. Afterward she went, at the suggestion of the nurse, to her own family physician, Dr. Roth. On the hearing on review before the Industrial Commission Dr. Roth testified concerning his treatment of de-

fendant in error in March and April; that he put on antiseptic dressings; that he found the thumb badly inflamed and in a serious condition; that he thought an incision should be made to drain the pus and offered to make such incision, but she would not allow it to be done. After consulting Dr. Roth, she went, at the nurse's suggestion, to visit Dr. Wells, who was the physician acting for the insurance company, and after taking an X-ray picture he told her she should have her thumb partly amputated, but he stated in his report, introduced by consent, that she refused to have an operation.

The petition for writ of error, with the abstract presented by the petitioner, is the only presentation of the facts and the law in this court, no brief or argument of any kind having been filed for defendant in error.

The first question presented is whether from the raising of the blister in the manner it was developed and the setting in of an infection, with nothing definite to show to what the infection was due or when or where it started, the injury could be considered as having been caused by an accident in the sense contemplated by the Workmen's Compensation act; whether the circumstances are such that the injury can be traced to a definite time, place and cause, as was held necessary in *Matthiessen & Hegeler Zinc Co. v. Industrial Board*, 284 Ill. 378. In Michigan, where the element of accident is required by the statute, a felon which developed on the finger of an employee from continuous use of pliers was held not to constitute such an accident in *Perkins* v. *Jackson Cushion Spring Co.* 206 Mich. 98, the court saying there was not "the intervention of any untoward or accidental happening producing the injury." In *Woodruff* v. *Howes Construction Co.* 228 N. Y. 276, a felon resulting from pressing on a screwdriver with the palm of the hand was held not to have been caused by accident, because "an accidental event takes place without one's foresight or expectation," and it was held the injury did

not proceed from an unknown cause nor was it "an unusual effect of a known cause." This court has held that the word "accident" is not a technical legal term with a clearly defined meaning, but anything that happens without design is commonly called an accident. (*Matthiessen & Hegeler Zinc Co.* v. *Industrial Board, supra.*)  In the present case the defendant in error began her work on February 14, and apparently being unused to the work that she was to perform, the thumb was not hardened and a blister formed, which broke shortly thereafter. But for the opening of the blister there would have been no means of access by the infectious germs to the blood. We are of the opinion that the particular work gave rise to the occasion or opportunity for exposure to the infection. There was no attempt in the record to trace the source of the germs, to show whether the actual infection took place on the employer's premises or elsewhere. While, doubtless, the same presumption could not be indulged as in the case of anthrax germs, where the employee was engaged in handling hides on the premises of the employer, (*Chicago Rawhide Manf. Co.* v. *Industrial Com.* 291 Ill. 616,) it could be considered a reasonable inference that infectious germs are so prevalent as to justify the assumption that the infection took place on the employer's premises, where she continued to work after the blister broke; and we are of the opinion, on the facts found in the record, as already stated, that the Industrial Commission was right in holding that the injury was shown to be accidental.

We think, however, that the amount allowed for compensation is not supported by the evidence,—that is, the evidence does not satisfactorily show that defendant in error has sustained the permanent loss of seventy per cent of the use of the thumb. The most that can be said is that the testimony of Dr. Wells was to the effect that there was a permanent impairment of the use of the thumb not to exceed thirty or forty per cent. None of the other doctors

expressed, as we understand the record, any opinion as to the extent of the permanent loss of the use of the thumb, and if for no other reason the judgment should be reversed because of the unsatisfactory state of the record as to the proof concerning the percentage of loss of the permanent use of the thumb.

Moreover, another serious objection is raised as to the award. The evidence shows, without any apparent contradiction, that Mrs. Slezak refused to follow the directions of any of the doctors as to the treatment she should receive in regard to curing the thumb. There is no evidence in the record tending to show that the advice given by any of these doctors as to the proper method of treating the thumb was not such as could reasonably be followed without any serious danger to the injured person. So far as we can judge from the evidence, the advice of the doctors should have been followed, and it is reasonable to assume, from the character of the evidence, that if she had accepted their advice and taken the treatments the injury to the thumb would not have been as serious as it turned out to be. Under the reasoning of this court in *Joliet Motor Co.* v. *Industrial Board,* 280 Ill. 148, and similarly in *Walsh* v. *Locke & Co.* (1914) W. C. & Ins. Rep. 95, *Lesh* v. *Illinois Steel Co.* 163 Wis. 124, and *Pacific Coast Casualty Co.* v. *Pillsbury,* 171 Cal. 319, on the record before us it must be held that Mrs. Slezak should not have been allowed for permanent loss of seventy per cent of the use of the thumb without some showing, which is not found in the record, that this permanent loss was not caused by her neglecting to follow the advice of the physicians.

The judgment of the circuit court must be reversed and the cause remanded, with directions to set aside the award of the Industrial Commission and for a further hearing before the Industrial Commission and the submitting of additional testimony by either party, if so advised, with reference to the extent of the injury, and also as to what would

have been the extent of the injury if the defendant in error had followed the advice of the physicians and allowed the injured thumb to be treated in a proper medical and surgical manner at the time she was advised by the physicians to take such treatment.

*Reversed and remanded, with directions.*