# FINLAYSON, Respondent, v. DOWD, et al, Appellants

## (243 N. W. 92.)

(File No. 7275.   Opinion filed June 13, 1932.)

Dwight H. Lloyd, of Flandreau, for Appellants.
Rice & Rice, of Flandreau, for Respondent.

RUDOLPH, J. This matter was first heard before the Industrial Commissioner, who made findnigs of fact and conclusions of law, and entered judgment against the claimant. An appeal was taken to the circuit court, where the judgment of the Industrial Commissioner was reversed, and the claim for compensation was allowed.

The basis of the claim was a blood poisoning infection. The claimant contends that this infection was the result of two injuries which he suffered while in the employ of the defendants Dowd Bros. One of the claimed injuries was a blister on the hand, the other was a scratch on the hand.

The claimant contends, and in this contention we believe he is correct, that, if the blood poisoning infection is the result of an accidental injury which the claimant received in the course of his employment with Dowd Bros., the claimant is entitled to recover compensation therefor. Edge v. City of Pierre, 59 S. D. 193, 239 N. W. 191, 194.

The claimant further contends that the facts as found by the industrial commissioner with reference to the injury termed the "blister" establish that this injury was an injury by accident arising out of and in the course of the employment, and that the blood poisoning infection was the natural result thereof. With reference to this claimed injury, the commissioner found that, while the claimant was in the employ of Dowd Bros., as a teamster and laborer; a blister formed on the third finger of his right hand as the result of handling lines while driving a team and handling

levers on dump wagons; that the said blister was the result of continuous performance of work in the ordinary manner. The industrial commissioner held that the blister was not an accidental injury; he also held that the claimant had not traced the incapacity resulting from the infection to the blister.

Whether a blister received in the ordinary course of employment, which breaks as a result of the work, allowing the entry of a germ and consequent blood poisoning, is an injury by accident, presents an interesting question; under such circumstances the breaking of a blister has been held to be an injury by accident in the following cases: Saddington v. Inslip Iron Co., (Eng.) 10 Butterworths' Workmen's Compensation Cases, 624; Scoville v. Tolhurst Mach. Works, 193 App. Div. 606, 184 N. Y. S. 608; Western Shade Cloth Co v. Industrial Comm., 308 Ill. 554, 140 N. E. 45. However, in all of the above cases the evidence established, and it was so found, that the blister broke and allowed the entry of the germ and the resultant septic condition. It appears from these cases that the injury by accident consists of the breaking of the blister, rather than the creation of the blister. The breaking of the blister is the injury which makes possible the condition resulting in the incapacity from blood poisoning. In this case the attending physician testified that the germ which caused the infection came from the "outside." We have searched the record and find no evidence to the effect that the blister ever broke to allow any germ to enter from the "outside." We, therefore, refrain from deciding whether the breaking of a blister is an accidental injury within the meaning of our law (see section 9490, Rev. Code 1919), because whether accidental or otherwise, until the proof establishes that the blister broke, the commissioner would be justified in holding (as he did) that the claimant had not traced the incapacity resulting from the infection to the blister. We are of the opinion, therefore, that the result reached by the industrial commissioner, in so far as the blister is concerned was warranted, when viewed in the light of the evidence. The claimant relies, to some extent, upon the case of Unkovich v. Inter State Iron Co., 169 Minn. 491, 211 N. W. 683, 685. In that case, however, the question before the court was whether an award made by the commission should be affirmed, and the medical testimony was to the effect that the condition resulting to the claimant from an injury sustained in the

course of his employment "would form a site where there would be lower resistance, and that any infection that he [the claimant] might have, the bacteria from that infection would have a better chance of growing at that particular site than at anywhere else in the body, which would result in infection at that point." There is no such evidence in this case.

In his petition for a hearing before the industrial commissioner, the claimant failed to make any mention of or to base any claim upon the injury we have referred to above as the scratch, but based his claim entirely upon the blister. At the hearing, however, he testified that he had received a scratch while moving barbed wire in the employ of Dowd Bros. Upon cross-examination he could not fix the time with any certainty, except that the hand was scratched while on the "Howard job." There was introduced in evidence a statement signed by the claimant some time prior to the hearing. This statement, in so far as it refers to the scratch, is as follows: "I think I might have stuck a thistle or piece of wire in my hand, but I don't know. I don't remember sticking anything in my hand, but we had a lot of fencing to move, and I helped to do that, and I thought that maybe I stuck something in my hand then." The commissioner found with reference to the scratch as follows: "That while so employed, plaintiff also received a scratch on said finger from handling barb wire." "That it is uncertain when the scratch from the barb wire occurred, and where it occurred, and whether in the course of plaintiff's employment." The "conclusion of law" was as follows: "That one of the alleged injuries, to-wit: a scratch, by a piece of barb wire, was a mishap or untoward and unexpected event, but is not traceable to a definite time and is not shown to have caused the incapacity of Plaintiff and is not shown to have occurred in the course of Plaintiff's employment."

The claimant insists that the commissioner's findings are inconsistent in that he has found in one place that the scratch was received in the course of his employment, and in another place that it was not. The circuit court recited in its order that the findings were inconsistent, and then found as a matter of fact that the scratch was received in the course of the employment. Whether this was within the authority of the circuit court, in view of the rule announced in the case of Day v. Sioux Falls Fruit Co.,

43 S. D. 65, 177 N. W. 816, if in fact the findings were inconsistent, we need not now decide. We are of the opinion that, when viewed in their entirety, the findings are not inconsistent. True, the commissioner found that, while in the employ of Dowd Bros., the claimant received a scratch, but this does not necessarily mean that the scratch was received in the course of his employment. The fact that the commissioner immediately afterwards found that it was not certain whether the scratch was received in the course of the claimant's employment cannot leave much doubt as to his meaning. The commissioner was willing to find that some time during the time the claimant was in the employ of Dowd Bros. he scratched his finger, but, in view of the evidence above disclosed, was not willing to say as a matter of fact the scratch occurred while he was actually performing his work for Dowd Bros. We believe that under the evidence the commissioner would have been justified in finding that the claimant had not proved he received any scratch. We see no good reason why he could not also find (as he did), in view of the testimony of the claimant at the hearing, that as a matter of fact the claimant did receive a scratch, but, in view of the written statement, refuse to find (as he did) that the scratch was received in the course of the employment. The burden of establishing that the scratch was received in the course of employment was upon the claimant. Edge v. City of Pierre, supra. Under the facts as presented, we cannot hold that the commissioner was not justified in finding that the claimant had not met his burden. In effect, the finding of the commissioner was that the claimant had not sustained the burden of proving that the scratch was received in the course of employment. The circuit judge found in effect that the claimant had sustained the burden of proving that the scratch was received in the course of employment. It being our opinion that the commissioner was justified in finding as he did, the finding of the circuit judge was without authority under the rule announced in Day v. Sioux Falls Fruit Co., supra.

In addition to finding the facts as above set out, the commissioner found "that the said incapacity cannot be traced to any definite injury." Again the finding was "affirmative in form of the converse of the facts as to which claimant having the burden of proof has failed to sustain it." Edge v. City of Pierre, supra. In

effect, the finding amounts to a finding that the claimant had failed to sustain by his proof his burden of tracing his incapacity to any definite injury received in the course of his employment.

It might be that the commissioner could have found the facts differently, and reached a different conclusion, but we cannot say the findings are unreasonable or that the evidence preponderates against them to the extent that they are not justified. The commissioner heard the evidence and was able to see and hear the witnesses.

The judgment of the circuit court is reversed, with directions to enter judgment affirming the decision of the industrial commissioner.

CAMPBELL, P. J., and POLLEY and ROBERTS, JJ., concur.

WARREN, J., disqualified and not sitting.