EDNA HAMMOND, APPELLANT, V. DOCTOR'S HOSPITAL,
APPELLEE.

17 N. W. 2d 9

FILED JANUARY 5, 1945. No. 31810.

*G. H. Seig,* for appellant.

*Reed & Hruska* and *John H. Trennery, Jr., contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CARTER, J.

This is a suit to recover benefits under the workmen's compensation act. The trial court found against the plaintiff and the plaintiff appeals from the judgment of dismissal entered against her.

The record shows that since August 10, 1942, plaintiff had been employed as a nurse at the Doctor's Hospital in Omaha. On or about January 23, 1943, plaintiff first observed an infection developing in the index finger of her right hand. The infection developed very rapidly and resulted in a permanent injury to the finger and a permanent disability to the right hand of approximately 25 per cent. It is stipulated in the record that if liability were established the compensation rate would be $15 a week. The only question to be determined here is whether the evidence is sufficient to show that the injury was the result of an accident arising out of and in the course of the employment.

Plaintiff testifies that when the infection first developed

she observed a small puncture of the skin on the infected finger, which she says was caused by a pin prick received while working at the hospital. She has no recollection of receiving the injury, but testifies that she was engaged in changing binders on several patients at the hospital, in which work she was required to use safety pins. She also testifies that it was the custom of the nurses at the hospital to apply mercurochrome to such injuries and that it had been applied when she first observed the infection. The infection proved to be a virulent, streptococcic infection. Plaintiff testifies that she was caring for patients suffering from streptococcic infections and that the danger of acquiring an infection from such patients was a risk well known to the profession. Her evidence can be summed up with the statement that she had no recollection of receiving the pin prick from which the infection entered the blood stream and that she could not give the exact date on which it occurred, although she could give instances when she used pins, that it must have occurred in pinning on a binder, and that she was positive it occurred while she was working at the hospital.

For the purposes of this appeal it is established that the plaintiff suffered an injury as the result of a pin prick on the index finger of the right hand, which brought on a streptococcic infection that permanently disabled plaintiff's right hand to the extent of 25 per cent. Is the evidence sufficient to show that the injury was sustained as a result of an accident arising out of and in the course of the employment?

The burden of proof is upon the plaintiff to establish by a preponderance of the evidence that the injury was sustained as the result of an accident arising out of and in the course of the employment. *Zanski v. Yellow Cab & Baggage Co.*, 143 Neb. 340, 9 N. W. 2d 302.

The words "arising out of" and "in the course of" the employment are used conjunctively in the statute and both conditions must be established to satisfy the requirements of the compensation act. The accident must occur not only

in the course of the employment, but the causative danger must also arise out of it. The words "arising out of" refer to the origin or cause of the accident and are descriptive of its character, while the words "in the course of" refer to the time, place, and circumstances of the accident. *Dietzen Co. v. Industrial Board,* 279 Ill. 11, 116 N. E. 684; 1 Schneider, Workmen's Compensation Law (2d ed.) sec. 266.

The record in the present case simply does not show that the accident arose out of and in the course of the employment. It is true that the evidence contains several unqualified declarations of her certainty that the injury was received while she was at work. This can be nothing more than supposition and conjecture in view of the fact that she has no recollection of when, where or how she received the injury.

In *Kuhtnick v. Carey,* 124 Neb. 762, 248 N. W. 89, this court said: "Further, the fact that the condition of Hugo Kuhtnick might have reasonably resulted from the injury suffered as claimed by him, or that it is conceivable that such results might have followed the same, is not sufficient to justify the conclusion, in the face of the entire record, that such condition was causally related to the claimed injury. Mere conjecture or surmise is not proof."

In *McCall v. Hamilton County Farmers Telephone Assn.,* 135 Neb. 70, 280 N. W. 254, a case wherein plaintiff, a switchboard operator in a telephone office, claimed that she contracted eczema of the ears from an unsterilized head set, this court said: "None of the physicians states that he has ever examined the head set or a similar one, and that it is the cause of the trouble. The statement that it is the cause of the condition is the mere suspicion or speculation of the appellant. She states now, as she stated to the doctors in her history to them, that the head set is the cause. This court is firmly committed to the doctrine that the burden of proof is upon the employee to prove that the accident which caused the disability occurred in the course of her employment. Suspicion and speculation do not pre-

sent sufficient cause upon which to base an award under the workmen's compensation act."

In *Nash v. Citizens Coal Co.*, 224 Ia. 1088, 277 N. W. 728, the plaintiff claimed compensation for an injury resulting from a bump on his leg. Claimant had no recollection of receiving any particular bump at any certain time or place. He testified that he received a bump but he could not tell whereabouts in the mine he received it, and neither did he have any definite recollection as to how it occurred. He further testified that he must have received the bump in the mine because he worked no other place. He also stated that he frequently received bumps while working low ceiling coal on his knees. The medical testimony is to the effect that a bump could have caused the disability, but that there were other causes which might have produced it. , In affirming a judgment of dismissal the court said: "The commissioner's findings of fact were to the effect that as to when, how, why, and where said alleged injury occurred, there was nothing in the record but pure conjecture; and that from information acquired from the doctor that such swelling was likely to follow a bruise after the lapse of two days, claimant merely assumed that he received a bump two days before the swelling began. The commissioner further found that it was mere speculation as to whether the claimant's disability arose out of his employment, and therefore claimant failed to sustain the burden of proving that the disability for which he seeks compensation resulted from injury arising out of and in the course of his employment."

In *Hubbard v. Republic Motor Truck Co.*, 216 Mich. 358, 185 N. W. 715, the evidence shows that claimant observed a scratch upon his hand, which had become infected. Based upon the condition and appearance of the hand there was medical testimony that the scratch had been suffered not less than two nor more than six days before. This brought the time of injury within the last week of the employment. There was evidence that the employment was likely to produce scratches and that claimant and other employees had suffered them on other occasions. The court said: "A find-

ing that the scratch was an accidental personal injury arising out of and in the course of the employment rests upon conjecture and cannot be sustained."

In *Finlayson v. Dowd,* 60 S. D. 57, 243 N. W. 92, claimant testified that he had received a scratch while moving barbed wire in the employ of Dowd Brothers. He could not fix the time with any certainty except that it happened on the "Howard job." A statement signed by the claimant stated: "I think I might have stuck a thistle or piece of wire in my hand, but I don't know. I don't remember sticking anything in my hand, but we had a lot of fencing to move, and I helped to do that, and I thought that maybe I stuck something in my hand then." The court said: "The burden of establishing that the scratch was received in the course of employment was upon the claimant. * * * Under the facts as presented, we cannot hold that the commissioner was not justified in finding that the claimant had not met his burden."

We think the evidence is devoid of proof of a causal connection between the injury and the employment. The compensation law does not constitute the employer an insurer against every accidental injury. The burden is upon the plaintiff to establish by a preponderance of the evidence that the injury was the result of accident arising out of and in the course of the employment as required by the act. The evidence offered was based on speculation and conjecture and consequently fails to make a case. The trial court was correct in denying plaintiff's claim to benefits under the act.

AFFIRMED.