ELEANORA MILLER, ADMINISTRATRIX OF THE ESTATE OF CARL J. MILLER, DECEASED, APPELLANT, V. LIVESTOCK BUYING CO., INC., APPELLEE. CONSOLIDATED WITH: ELEANORA MILLER, WIDOW, APPELLANT, V. LIVESTOCK BUYING CO., INC., APPELLEE.

58 N. W. 2d 596

Filed May 22, 1953. No. 33327.

*George Evens,* for appellant.

*Edwin Cassem* and *Kennedy, Holland, DeLacy & Svoboda,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

This appeal involves two workmen's compensation cases. One action was by plaintiff as administratrix of the estate of her husband Carl J. Miller, deceased, hereinafter called decedent, to recover compensation from defendant Livestock Buying Company, Inc., a division of Safeway Stores, Inc., for the period accruing prior to death of decedent, and the other was by the widow as plaintiff to recover from defendant any amounts accruing to her after decedent's death. Recovery in both cases was denied by the workmen's compensation court where rehearing was waived, and upon appeals to the district court they were by stipulation consolidated for trial de novo with one decree to dispose of both cases. Concededly there was but one issue ultimately presented to the trial court for decision in both cases. That issue was whether decedent's death on August 19, 1948, was caused by accidents suffered by him on October 17, 1945, and October 16, 1946, or whether his death was caused by bronchiogenic carcinoma or cancer of the lungs.

After trial whereat evidence was adduced, the trial court rendered a decree which found and adjudged the issue generally in favor of defendant and against plaintiff in each case, and dismissed each cause of action upon the ground that plaintiff therein had "failed to sustain the burden of proving that the death of plain-

tiff's decedent was the result of any accident and injuries sustained in the employ of the defendant." Plaintiff's consolidated motion for new trial was overruled, and she appealed, assigning that the trial court erred in finding that decedent's death was not the result of his injuries. We conclude that the assignment should not be sustained.

It is now well established that: "On any appeal to this court in a workmen's compensation case the cause will be here considered de novo upon the record." Schneider v. Village of Shickley, 156 Neb. 683, 57 N. W. 2d 527.

In that connection, other rules applicable here are: "The burden of proof is upon the claimant in a compensation case to establish by a preponderance of the evidence that personal injury was sustained by the employee by an accident arising out of and in the course of his employment.

"A compensation award cannot be based on possibilities or probabilities, but must be based on sufficient evidence that the claimant incurred a disability arising out of and in the course of his employment.

"The rule of liberal construction of the Workmen's Compensation Act applies to the law, not to the evidence offered to support a claim by virtue of the law. The rule does not dispense with the necessity that claimant prove his right to compensation within the rules above set out, nor does it permit a court to award compensation where the requisite proof is lacking." Hassmann v. City of Bloomfield, 146 Neb. 608, 20 N. W. 2d 592. See, also, Kuhtnick v. Carey, 124 Neb. 762, 248 N. W. 89; Kuhtnick v. Carey, 124 Neb. 761, 248 N. W. 92.

Plaintiff relied primarily upon the holding in Reitz v. Petersen, 131 Neb. 706, 269 N. W. 811, and other cited cases, to the effect that: "A fact, relation or state of things once shown to exist may be presumed to continue as long as such fact, relation or state would naturally continue; and especially where subsequent events,

disclosed in evidence, are entirely in harmony and consistent with the continuance of such fact, relation or state." In that connection, however, as hereinafter observed, the presumption relied upon by plaintiff was overcome by evidence appearing in the record, and plaintiff adduced no evidence except the conclusion of decedent's wife that death was caused by personal injuries resulting from any accident arising out of and in the course of decedent's employment. In other words, plaintiff offered no competent evidence that decedent's death was caused by injuries sustained in the employ of defendant.

In that regard, the record substantially discloses the following material situation: Decedent was employed by defendant in 1943 as a cattle buyer and yard man. He was then in good health. On October 17, 1945, while loading cattle, he was kicked by a steer and thrown several feet. He landed on his buttocks and allegedly suffered therefrom a transverse fracture through the lower segment of his sacrum and contusion of his buttocks. There is evidence that X-rays were taken at that time, but they allegedly could not be found and were not produced at the trial. Decedent was thereafter off duty at home for 2 weeks and 4 days, during which period a physician made 5 visits to see him, and he made 4 visits to the physician's office. He was able to return to work November 12, 1945, and was paid $46.28 as compensation for temporary total disability covering a period of 2 weeks and 4 days.

Again on October 16, 1946, decedent was kicked by another critter in the lower abdomen and scrotum, which caused him to remain off duty a couple of days. In 1947, after the first of the year, his work routine was changed, and he went out on the road to buy livestock and make cattle surveys. Plaintiff adduced evidence that on many such trips, especially long ones, a driver went with decedent because he tired easily and complained of pains in his back. During the early part

of 1948 he did only light work. In February 1948, he took a cold and remained at home for a couple of weeks. Toward the last of March he was unable to work any longer. Some time in April he was taken to a physician at a hospital for examination and subsequent daily treatment. Thereafter, on June 1, 1948, and August 16, 1948, he was respectively examined by a second and third physician.

The first physician was physically unable to be present at the trial, so it was stipulated that if he were present he would testify substantially as follows: That about April 17, 1948, decedent came to his office for treatment, suffering pain in the lower lumbar and upper sacral regions of his body. Such physician was given a personal history of the two prior accidents aforesaid, subsequent events, and resulting complaint of pain and suffering in his back. No X-rays were taken, but by physical examination the physician allegedly discovered ankylosis of the vertebrae which by irritation produced pain in the lower lumbar and upper sacral regions of decedent's body with disturbances in the region of the rectum, bladder, and prostate, which caused a debilitated and run-down condition accompanied by nervousness. The physician testified that there was no place from which tissues might be resected whereby a biopsy examination for cancer could be made; therefore, according to the best of his knowledge and belief, from general physical findings, decedent did not have cancer.

The second physician, a surgeon who examined decedent on June 1, 1948, at the request of defendant's insurance carrier, for the purpose only of determining any disability which decedent might have in his lower back as a result of injury, testified for defendant substantially as follows: He was given a history of the two prior accidents, subsequent events, and decedent's complaints as aforesaid, and that decedent had been under medical treatment for a lung and throat condition. His throat was red and infected, and he complained that

sometimes he had distress in his right shoulder which he thought was due to his cold. Otherwise decedent appeared to be normal. X-rays were taken of his lower back which disclosed some deviation of the lower sacral canal toward the right with slight irregularity appearing to transverse the sacrum at about the fourth and fifth segment, which could have been a healed fracture or merely a congenital configuration, since there were no physical findings which could account for his claimed back distress. Such surgeon concluded and reported that decedent then had no disability in his back, but that he had other worries pertaining to his physical condition which alarmed him.

In that connection, the third physician, a chest specialist who examined decedent at plaintiff's request on August 16, 1948, testified for defendant substantially as follows: He made a fluoroscopic X-ray examination of decedent's chest from which he adduced specific findings warranting a diagnosis of "far advanced inoperable bronchiogenic carcinoma," commonly referred to as cancer having its origin in the bronchial tubes, which had grown to such extent that nothing in the way of operating procedure could be of value in its treatment. On August 18, 1948, such specialist regretfully so reported in writing to decedent's wife, adding also: "It is not expected that Mr. Miller will last very many months." Strange as it may seem, Mr. Miller died on August 19, 1948, the very next day after the making of such report.

Assuming the existence of such physical findings of "advanced inoperable bronchiogenic carcinoma" aforesaid, the surgeon testified that any previous injury to decedent's lower back could not have been even remotely connected therewith. In that regard, plaintiff makes no contention that it was or could have been. Such surgeon also testified that in view of the known characteristics with respect to the time development of bronchiogenic carcinoma, there was no inconsistency

between the findings made June 1, 1948, and decedent's death from such disease 11 weeks later.

The evidence in this record makes it necessary for us to conclude that the death of plaintiff's decedent was caused by cancer and not by personal injuries suffered by him in any accident arising out of and in the course of his employment. Clearly plaintiff did not sustain the burden of proof imposed upon her by law.

For reasons heretofore stated, we conclude that the judgment of the trial court should be and hereby is affirmed.

AFFIRMED.