AMOS M. SEARS, APPELLEE AND CROSS-APPELLANT, V. CITY OF OMAHA, A MUNICIPAL CORPORATION, APPELLANT AND CROSS-APPELLEE.

83 N. W. 2d 857

Filed June 28, 1957.  No. 34172.

*Edward F. Fogarty, Bernard E. Vinardi, Neal H. Hilmes,* and *Irving B. Epstein,* for appellant.

*Edward T. Hayes,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action by Amos M. Sears, plaintiff and appellee, against the City of Omaha, a municipal corporation, defendant and appellant, to recover workmen's compensation on account of an accidental injury alleged to have been sustained by the plaintiff growing out of and in the course of employment by the city. The action was tried first to one judge of the workmen's compensation court. In that court an award was rendered in favor of the plaintiff. By the award the plaintiff was

granted temporary total disability compensation for 49 4/7 weeks at the rate of $28 a week, for 38 1/7 weeks of which the plaintiff had at the time been paid, and compensation for 15 percent permanent partial disability payable at the rate of $28 a week for $32\frac{1}{4}$ weeks. From the award an appeal was taken by the defendant to the district court. On the trial in the district court the award of the workmen's compensation court was affirmed and a decree was accordingly rendered. In addition an attorney's fee in the amount of $300 was taxed in favor of plaintiff and against the defendant.

Two motions for new trial were duly filed and overruled. From the decree and the order overruling the motions for new trial the defendant has appealed. The plaintiff has presented a cross-appeal.

The assignments of error set forth by the defendant are numerous but they may be summarized as follows: The decree is contrary to law; it is contrary to the evidence; and the allowance of an attorney's fee was improper.

The only assignment of error set forth by plaintiff is that the allowance for permanent partial disability was insufficient and contrary to evidence and to law.

The defendant's first assignment of error requires no separate consideration since no legal impediment to the right of the plaintiff to receive what has been awarded in this action is urged except that which inheres in the controversy as to whether or not the evidence is sufficient to sustain the decree. Attention will therefore be directed to the cause of action as presented by the pleadings and the evidence of the parties in relation thereto.

On December 8, 1955, the plaintiff filed a petition in the Nebraska Workmen's Compensation Court wherein he alleged in substance that on or about February 7, 1955, he was employed by the defendant and while removing snow from a truck, the truck was struck by another truck causing the first truck to strike the left leg and knee of plaintiff whereby he received injuries

and serious disability for which he was entitled to benefits under the Nebraska workmen's compensation law.

To the extent necessary to state here, the defendant denied the allegations of the petition. The case was tried on the issues thus joined by the workmen's compensation court. The issues presented to the district court were in all substantial particulars the same. The case comes here for consideration de novo on the record made in the district court. "An appeal to this court in a workmen's compensation case is considered and determined de novo upon the record." Jones v. Yankee Hill Brick Manuf. Co., 161 Neb. 404, 73 N. W. 2d 394.

In support of his cause of action the plaintiff testified that about 2 a. m. on February 6, 1955, he was employed by the defendant and at the time he was spotting trucks which were hauling snow to a dump at a location in the east part of Omaha; that in the performance of his duties he was required to stand back of trucks and rake residual snow with a long-handled instrument from the interior thereof; that while raking snow from the truck and while standing on snow which was piled behind the truck, the height of which was uncertain but which at the trial in the workmen's compensation court the plaintiff estimated at about 10 inches, another truck backed into the front end of the truck behind which plaintiff was working, the result of which was that he was caused to be knocked down and injured; that the point of contact with him was in the vicinity of or above his left knee; that he got up and walked to a bonfire probably from 100 to 200 feet away where he remained for a short time when he was first taken in a truck to a place called an office and from there to the county hospital by a special policeman; that in consequence of what happened he suffered pain in the left knee; that the knee began to swell and was swollen when he arrived at the hospital; that he was examined, directed to report to a city physician, and taken to a point near where he was living from which place he

walked the rest of the way home; that he did not report
to the doctor because of pain and suffering until Febru-
ary 8, 1955, on which date he was examined; and that
he suffered continuous pain and complete disability in
the knee thereafter. He gave other evidentiary details
but this is a summary of his testimony which is impor-
tant for the purposes of the determination herein. Two
witnesses in the case corroborated the testimony of
the plaintiff that the one truck backed into the other.
There is no evidence to the contrary.

It must be said therefore that the plaintiff sustained
the burden of showing that he was the victim of an acci-
dent which came upon him within and growing out of
his employment by the defendant.

In the light of this and the issues being tried the next
question is that of whether or not the plaintiff has
sustained the burden of showing that he sustained the
injury claimed, the extent thereof, and if so, what com-
pensation he was and is entitled to receive in conse-
quence thereof.

The record of the evidence discloses that on February
8, 1955, the plaintiff went to the office of the city phy-
sician heretofore referred to who made an examination.
He found the muscle on the left knee tender and rigid
and evidence of pain. He saw plaintiff on February 10,
12, and 14, 1955. On February 14, he strapped and
bandaged the knee. On March 11, 1955, he referred
plaintiff to a specialist in orthopedic surgery. An Ace
bandage was applied and on April 2, 1955, a plaster cast
was applied. The doctors suspected a loose cartilage in
the knee and on June 9, 1955, an operation was per-
formed on the knee and medial cartilage about 3 inches
long and ½ inch wide was removed. The knee was
kept in a bandage and in September 1955 diathermy
was prescribed. The city physician gave it as his opinion
at the trial that the plaintiff had permanent partial
disability, a part of which resulted from the cartilaginous
condition and part from arthritic change, of from 15

percent to 20 percent. This is a summary of evidence given by the city physician who was a witness for the defendant.

The orthopedic surgeon testified that in his opinion there was 10 percent disability resulting from the cartilaginous condition. He said that there was other disability due to arthritis. He gave no estimate as to the percentage of this. This witness was also a witness for the defendant. Neither of these witnesses testified that there would have been any actual disability flowing from the arthritic condition in the absence of the cartilaginous condition.

An orthopedic surgeon was called and testified on behalf of the plaintiff. He had examined the plaintiff for the purpose of preparing himself to become a witness. He testified that in his opinion the permanent partial disability amounted to about 50 percent. It is established therefore that following the accident in question and at the time of trial the plaintiff had an injury to his left knee as the result of which he had permanent partial disability in some amount.

In the light of the disparity of the opinions of the medical men it becomes necessary to say that the character and quality of the condition of plaintiff may not be arrived at here with certainty. However in the light of the fact that the defendant's doctors had the better and more intimate opportunity for diagnosis, analysis, and evaluation the inclination is to say, as did the district court and the workmen's compensation court, that the permanent partial disability is 15 percent.

As to whether or not the plaintiff was totally disabled for 49 4/7 weeks from and after February 6, 1955, the conclusion reached is that the evidence preponderantly sustains the contention that he was. These conclusions effectually dispose of the cross-appeal, except for the comments which will be made hereinafter with regard to terms of the award of the workmen's compensation

court which were repeated in and approved by the decree of the district court.

The next question to be considered, which of course is vital in the determination of the case, is that of whether or not the injury which has been established flowed from the accident which has been described. The defendant insists that it did not. The plaintiff insists that it did.

To support his contention the plaintiff testified that he had sustained no injury to and suffered no disability in the knee prior to the accident and that the condition of his knee directly followed the accident. As to the period from the date of the accident to the time of trial he described his condition and activities and, without summarizing this evidence, if it is taken as true, he suffered such pain and disability as to prevent him from pursuing any gainful occupation for at least the period for which total disability compensation was allowed. The doctors called as witnesses by the defendant, it is apparent, assumed over a period of months that the condition of the knee as described by plaintiff resulted from the accident. This assumption appears to have been based upon the history of the case which they possessed.

Against this it was shown that the plaintiff had suffered injuries in other previous employment accidents but it was not shown that the plaintiff ever had a previous injury to his left knee.

The defendant attempted by evidence of measurements and photographs applied to physical facts, the testimony of the plaintiff given at the trial in the district court and the workmen's compensation court, the opinion of the orthopedic surgeon, and argument, to demonstrate deductively that the accident, if it happened, could not have produced the injury to plaintiff's knee.

The complete premise does not require restatement here. One of its elements and attendant fallacies however will be mentioned as an illustration. It is that the plaintiff when struck fell directly backward, and thus

the type of injury suffered by the plaintiff could not have resulted since such injuries are produced by twisting of the knee. The fallacies are that there was no fixed description of the fall, and the defendant's orthopedic surgeon said only that they are usually produced by a twisting. He did not rule out such an injury from a direct fall.

This it is thought is a fair résumé of the evidence of probative value on the question of whether or not the condition of plaintiff's knee was caused by the accident which occurred on February 6, 1955. It preponderantly shows that it was.

In the light of what has been said it appears that the elements necessary to sustain a recovery by plaintiff of workmen's compensation from the defendant have been established. The applicable rule as to proof sufficient to sustain an award of workmen's compensation, as follows, has been met by the plaintiff: "The burden of proof is upon the claimant in a compensation case to establish by a preponderance of the evidence that personal injury was sustained by the employee by an accident arising out of and in the course of his employment." Miller v. Livestock Buying Co., 157 Neb. 51, 58 N. W. 2d 596. See, also, Hammond v. Doctor's Hospital, 145 Neb. 446, 17 N. W. 2d 9; Feagins v. Carver, 162 Neb. 116, 75 N. W. 2d 379.

As pointed out the plaintiff was awarded compensation for temporary total disability for 49 4/7 weeks with a rate based upon his wage of $28 a week. The award was for 15 percent permanent partial disability thereafter or $28 a week for 32¼ weeks. The correctness of the computation has not been brought into question.

The conclusion therefore is that the record sustains the right of plaintiff to recover workmen's compensation from the defendant for the period and in the amount provided by the decree of the district court.

The remaining question for consideration is that of whether or not an attorney's fee should be allowed in

favor of plaintiff's attorney and taxed against the defendant. Nothing convincing has been advanced as a reason why a fee should not have been allowed.

Clearly under section 48-125, R. R. S. 1943, this is a case authorizing the allowance of a reasonable fee. In this case the trial extended over 3 days and into a 4th. In this light it may not well be said that a fee of $300 was unreasonable. The assignment is without merit.

The decree of the district court is affirmed. An attorney's fee in the amount of $300 is allowed in favor of plaintiff to be taxed as costs against the defendant.

AFFIRMED.