## THE STATE OF IOWA

DES MOINES, DECEMBER TERM, A. D. 1858.

In the Thirteenth Year of the State.

---

PRESENT:

HON. GEORGE G. WRIGHT, CHIEF JUSTICE.
" WM. G. WOODWARD, ⎱ JUSTICES.
" L. D. STOCKTON, ⎰

---

## LYON v. CLOUD.

Where a party at the time of the service of an original notice, demands a copy of the plaintiff's petition, he must designate the place to which he desires the copy to be sent; and if he fails to do so, he is not entitled to a copy before the rendition of the judgment.

Where the return on the original notice, shows that the defendant demanded a copy of the petition, but not that he designated where such copy should be sent, it is not error to render judgment against him by default, without showing that such copy had been furnished.

*Appeal from the Johnson District Court.*

FRIDAY, OCTOBER 15.

Suit upon a promissory note, and judgment by default rendered against the defendant. It appears from the sheriff's return upon the original notice, that there was personal service upon the defendant, and that he demanded a copy of the petition. The defendant appeals, and assigns for error, that the service was insufficient to authorize the judgment.

*David C. Cloud, pro se.*

*William E. Miller,* for the appellee.

STOCKTON, J.—The judgment in this case was rendered against the defendant by default; and it is now claimed by him, that the same should be reversed, for the reason that having, at the time the notice was served on him, demanded a copy of the petition, it is not shown by the record that any such copy was served upon him, or furnished to him. It is true that it appears by the return of the sheriff, that at the time the notice was served on the appellant, he demanded a copy of the petition; but it is not shown that he designated the place to which the copy should be sent. Having failed to do so, he was not entitled to a copy before the rendition of judgment. The defendant may, at any time, require a copy to be sent to him through the post office, directed to any place he may designate. Code, section 1772. But if, in demanding a copy, he fails to designate the place to which it is to be sent, it is not error to render judgment against him by default, without showing that such copy has been furnished.

It is claimed in the second place, that the court erred in rendering judgment against the defendant, for the reason that the suit was brought in Johnson county, and the notice was served on him in Muscatine county. This objection

might, perhaps, have been of some weight, if taken in the district court; but the same will not·be available, where taken for the first time in this court.   A suit brought in a wrong county, may be ˙there prosecuted to judgment, unless the defendant demands a change of venue to the proper county.   Code, section 1702.

Judgment affirmed.