Leach v. Kohn.

---

## LEACH v. KOHN *et al.*

**Venue:** EFFECT ON JURISDICTION. That a personal action was brought in the wrong county does not affect the validity of the judgment. Nor can fraud be predicated on such fact. The failure of the defendant to move a change to the proper county is a waiver of the right thereto.

*Appeal from Henry District Court.*

FRIDAY, JANUARY 25.

SUIT in equity to enjoin a judgment recovered in the circuit court of Scott county by Kohn against Leach and one Heller. The injunction was granted. Afterward the defendants filed a demurrer to the petition, and also a motion to dissolve the injunction, both of which were sustained. The following matters appear by the averments of the petition, the exhibits, etc.: At the September term, 1871, an action was brought by

Kohn, the second indorsee, against Leach, as maker, and one Heller, as indorser, of a negotiable promissory note, in the circuit court of Scott county. The defendant Heller was a resident of Scott county, and Leach was and is still a resident of Henry county, and both were duly served with notice of the action. On the second day of the term a default was entered against both said defendants, and on the next day Leach appeared therein by his counsel (one of whom is also his counsel in this case) and moved to set aside the default as to him. Thereupon it was agreed by counsel in open court, and so entered of record, that if Leach should file a good and sufficient answer within five days the default should be set aside, otherwise judgment should be rendered against him for the amount due upon the note. No answer was filed, and judgment was accordingly rendered. A transcript of this judgment was certified to and filed in Henry county, and execution was also sent there, and was about being levied by the sheriff, a defendant herein, when this suit was begun and the injunction obtained.

The plaintiff avers absence of consideration and fraud in obtaining the note sued on, fraud in its transfer, fraud and combination in bringing suit on it in Scott county, remote from plaintiffs' residence, and fraud in obtaining the judgment; that the whole matter was the result of fraud and forgery by the parties connected with it, etc., etc. The motion and demurrer were alike grounded upon insufficient statement of facts, and that the suit was brought in the wrong county, etc. The plaintiff appeals from the judgment sustaining them.

*L. G. Palmer* for the appellant.

*T. S. & Jno. S. Woolson* for the appellee.

COLE, J. — Both the demurrer and the motion to dissolve were properly sustained. The plaintiff herein was duly notified of the action wherein the judgment was recovered. He appeared in it. He makes no satisfactory showing for his fail-

ure to file his answer, as per his agreement shown by the judgment record. The circuit court had jurisdiction of the cause of action and of the parties, one of the defendants being a resident of Scott county. Fraud cannot be predicated upon the fact of bringing an action in a court having jurisdiction of the cause. If the suit was brought in the wrong county the venue might have been changed to the proper county on motion therefor, and a failure to make such motion was a waiver of the right to change. Rev., § 2802, *et seq.* The fact that the terms of the circuit courts are fixed by the judges, and not by statute, and that hence the time of holding may not be known to parties living remote, has no force since this plaintiff actually appeared in the action. This plaintiff may be "swindled," but if so it is in part at least the result of his own failure to properly and timely attend to his business. The public tranquillity, as well as the credit and faith due to judicial proceedings, require that a party having had one fair opportunity to maintain his rights in court shall thereafter hold his peace.

Affirmed.