GOLDSMITH, ASSIGNEE, v. WILLSON ET AL.

1. **Detinue:** PRACTICE: NECESSITY OF PROVING THE VALUE OF EACH ARTICLE.    In an action for the recovery of specific personal property where the defendant retains the property, it is not necessary, in order to recover a judgment for the value of the property, that plaintiff show the value of each article.    It is enough for such purpose to show the total value of the property wrongfully detained.

2. ———: ———: FAILURE TO PROVE VENUE OF PROPERTY.    An action to recover specific personal property, brought in the county where the defendant resides, will not be defeated simply because of failure of the plaintiff to prove that the property is detained in that county, for, if it be conceded that, under § 3225 of the Code, the place of suit is determined by the location of the property, and not by the residence of the defendant, still the action may be prosecuted to judgment in the county of defendant's residence, unless he makes application for its removal to the proper county, under § 2589 of the Code.

3. ———: RECOVERY OF MORTGAGED CHATTELS BY ASSIGNEE OF MORTGAGOR FROM ATTACHING CREDITORS.    The fact that specific personal property, sought to be recovered from attaching creditors by an assignee of the debtor, is under mortgage by the debtor,—the mortgage antedating both the assignment and the attachments—will not necessarily defeat a recovery, because, (1) in the absence of a showing to the contrary, the mortgage may provide for a right of possession by the mortgagor, (Code, § 1927,) which right the assignment would pass to the assignee; and, (2) even if that is not the case, the mortgagor (and his assignee under him) is entitled as against all the world, except the mortgagee, to the possession of the property; (*Evans v. St. Paul Harvester Works*, 63 Iowa, 204;) and the right of possession is the essence of the action.

*Appeal from Sac District Court.*

MONDAY, DECEMBER 14.

ACTION for the recovery of specific personal property. On the ninth day of January, 1884, one George R. Davis executed and delivered to plaintiff an instrument which purports to be a general assignment of all his property for the benefit of his creditors. This instrument was filed for record on the day of its execution, and on the eighteenth of the same month plaintiff filed his bond as assignee. The defendant Willson is sheriff of Sac county, and on the day on which said assignment was executed he received a writ of attachment, which was issued in an action brought by M. Reigelman & Co. against said George R. Davis; and on the twelfth of said month he levied said attachment on a portion of a stock of goods in a store building in which Davis had carried on business as a merchant before the assignment to plaintiff. On the fifteenth of January, Kohn Bros. instituted a suit against Davis, in which they also sued out a writ of attachment, which was placed in Willson's hands for service, and was by him levied on the balance of the stock of goods in said store building. Plaintiff thereupon brought this suit against the sheriff for the recovery of the attached property, claiming possession under said deed of assignment. At the next term of the district court the attaching creditors appeared, and made application to be made parties defendant. This application was granted by the court, and they then filed separate answers, after which they moved for separate trials, and this motion was sustained. The issue between plaintiff and Reigelman & Co. was disposed of at that term, but Kohn Bros. files a motion for a continuance of the cause as to them, which was sustained, and the issue between them and plaintiff came on for trial at the next term. In their answer they allege that Davis, at the time he executed the deed of assignment under which plaintiff claims, and as part of the same

transaction, also executed a chattel mortgage on said stock of goods to the Marion County National Bank, and that he intended thereby to give said bank a preference over his other creditors, and they say that for this reason said assignment is not an assignment for the benefit of all of the creditors in proportion to the amount of their claims, and that it is therefore void. They also allege that said assignment was executed by Davis, and accepted by plaintiff, with intent to hinder and delay and defraud the creditors of Davis. The answer also contains a general denial of the allegations of the petition. On the trial plaintiff introduced in evidence the deed of assignment and an inventory of the estate and a list of creditors, which had been filed in the office of the clerk of the district court; also his bond as assignee. He also introduced evidence tending to prove the value of the stock of goods in the aggregate; also the value of that portion of the stock which was seized on Reigelman & Co.'s attachment. But there was no evidence of the value of the specific articles constituting the stock. He also proved by the sheriff that he had had the stock of goods in his possession, and that plaintiff had served notice on him of his claim. Davis, the assignor, was one of the witnesses examined by plaintiff as to the value of the stock of goods, and on his cross-examination he admitted that on the second of January he executed a chattel mortgage to the Marion County National Bank on the stock of goods in question, to secure an indebtedness which he was owing to said bank. But the mortgage was not introduced in evidence. When plaintiff rested, defendants moved the court to direct the jury to return a verdict for them, which motion was sustained by the court, and judgment was entered on the verdict which was returned in obedience to this direction of the court. Plaintiff appeals.

*Charles D. Goldsmith*, appellant, *pro se.*

*S. M. Ellwood* and *Wright, Baldwin & Haldane*, for appellees.

REED, J.—I. The grounds of the motion upon which the court directed the verdict for defendants are—*First*, that plaintiff had not proved the value of any article to recover possession of which this action was brought; *second*, plaintiff had not proved that the property described in his petition was unlawfully detained by defendant Willson in Sac county, or that it was so detained at the time of the commencement of the action; *third*, plaintiff's evidence shows that the title to and right of possession in the property in question were vested at the time of the commencement of the action in the Marion County National Bank.

1. DETINUE: practice: necessity of proving the value of each article.

It is alleged in the petition that the value of the whole stock at the time the first attachment was levied was $5,668.10, and that the value of that portion of it which was taken on Kohn Bros.' attachment was $5,032.86. Attached to the petition is what is alleged to be an inventory of the stock, and opposite each item on the inventory is set out what is alleged to be its value; and the petition alleges that certain of the articles enumerated in the inventory were taken on the attachment of Reigelman & Co., and that all the other articles were taken on the writ sued out by Kohn Bros. As stated in the statement of the case, plaintiff introduced evidence from which the value in the aggregate of the goods taken on the Kohn Bros. attachment might have been determined, but gave no evidence of the value of the specific articles. The question raised by the first assignment of the motion is whether plaintiff is entitled to recover in this form of action without proving the value of the articles composing the stock of goods of which he seeks to obtain possession.

It is provided by section 3238 of the Code that the jury, in actions for the recovery of specific property, must determine the value of the property whenever by their verdict there will be a judgment for its recovery or return; and that, when required so to do by either party, they must find the value of each article. It is also provided by section 3239 that the

judgment shall determine which party is entitled to the possession of the property, and shall designate his rights therein and, if he have not the possession thereof, shall also determine the value of his right; and section 3241 provides that, if the party found to be entitled to the property be not already in possession thereof, he may, at his option, have execution for the specific delivery of the property, or for the value thereof as determined by the jury, and that, if any article of the property cannot be obtained on execution, he may take the remainder, with the value of the missing articles. It is clear from these various provisions that the object of the statute, in requiring the aggregate value of the property to be determined by the jury, is to enable the court, by its judgment, to afford the party entitled to the property a complete remedy, in case it cannot be obtained on execution, or in case of his election to take execution for its value; and the object of requiring the jury to determine the value of the different articles is to afford the party entitled to the property a complete remedy, in case he elects to have execution for its delivery to him, and any of the articles cannot be obtained on execution.

Plaintiff was not in possession of the property at the time of the trial. He had not given the bond required by section 3229 of the Code, and no order had been issued by the clerk for its delivery to him. If the jury had found that he was entitled to the possession of the property, and had also found the aggregate value, he might have elected to take execution for that value; and in that case, the court could have entered such judgment on the verdict as would have afforded him perfect relief. The court did not know when it sustained the motion that he would not make this election, in case he succeeded in establishing his right to the property. He had no occasion to show the value of the different articles, usless he intended to take execution for the delivery of the property; and, as he introduced no evidence of their value, the reasonable presumption is that he did not intend to make that election.

Defendants had the right under section 3238, if any interest of theirs would thereby be protected, to require the jury to find the value of the different articles; but such finding was clearly not essential to plaintiff's right of recovery.

II.   The second ground of the motion was that plaintiff did not prove that the property was detained in Sac county. It is alleged in the petition that defendant Willson detained the property in that county, but there was no direct evidence as to where it was situated when the suit was instituted.   We are of the opinion, however, that the omission of plaintiff to prove this averment does not defeat his right of recovery.   It is provided by section 3225 of the Code that "an action for the recovery of specific personal property may be brought in the county where the property, or some part thereof, is situated."   It is shown by the pleadings that defendant Willson was sheriff of Sac county, and he is presumed to be a resident of that county; so that, if the action may be brought in the county of the defendant's residence, it was properly brought in Sac county.   But let it be conceded that under section 3225 the place of bringing suit is determined by the situation of the property, and not the residence of the defendant.   Defendants' remedy, however, if the action was brought in the wrong county, was to move to transfer it to the proper county; and, in case of their failure to make such application, it might be prosecuted to judgment in the county where brought.   Code, § 2589.

*2. ——: ——: failure to prove venue of property.*

III.   The third ground of the motion was that the title to the property, and the right of possession, were transferred to the Marion County National Bank by the chattel mortgage given by Davis before the assignment, and that plaintiff could not, therefore, maintain an action for possession of it.   To entitle plaintiff to recover in an action of this kind, it is not essential that he should have the legal title to the property, but he may recover on a naked right of possession.   While the

*3. ——: recovery of mortgaged chattels by assignee of mortgagor from attaching creditors.*

effect of a chattel mortgage may be to vest the legal title of the property in the mortgagee, the question whether the right of possession is in the mortgagor or mortgagee depends upon the terms of the instrument. It is provided in section 1927 of the Code that, "in the absence of stipulations to the contrary in the mortgage, the mortgagee of personal property is entitled to the possession thereof." It is therefore competent for the parties to stipulate in the mortgage that the right of possession shall remain in the mortgagor until the conditions of the mortgage are broken. There is no presumption, then, from the mere fact that a chattel mortgage has been given, that the mortgagor is divested of the right to the possession of the property covered by it; but the question whether he is divested of that right is determined by the stipulations contained in the instrument. As stated above, the chattel mortgage was not introduced in evidence. It was impossible, then, for the court to determine which of the parties to it was entitled to the possession of the property, and this consideration is conclusive as to this ground of the motion.

But if it should be conceded that the bank had the right under the mortgage to the possession of the property, it would not follow that plaintiff cannot maintain the action. The rights created by the mortgage exist only as between the parties to the instrument and those claiming under them. The mortgagor is not divested by the mortgage of all interest in the property. By the instrument he passes the legal title and right of possession to it to the mortgagee as a security for the debt; but he retains the right of redemption and the ownership until they are extinguished by the foreclosure of the mortgage. As against all the world, except the mortgagee, or those claiming under him, he is entitled to the possession of the property. The case in this respect does not differ in principle from *Evans v. St. Paul Harvester Works*, 63 Iowa, 204. The deed of assignment passed to plaintiff all interest in the property which remained in Davis after the execution of the mortgage. *Gim-*

*ble v. Ferguson*, 58 Iowa, 414. It is said by appellees, however, that, if the mortgagee has the right to the possession of the property, he may maintain an action for its recovery; and, consequently, if plaintiff can recover against them, they may be compelled to respond to both parties for the value of the goods. But, as is pointed out in *Evans v. St. Paul Harvester Works*, *supra*, they have it in their power to protect themselves against this double liability by having the mortgagee made a party to the proceeding and its rights determined by the judgment.

The district court erred in taking the case from the jury and directing the verdict for defendants, and the judgment will be

REVERSED.