MARQUARDT & SONS v. THOMPSON.

Venue: ACTION AGAINST NON-RESIDENT SERVED IN IOWA: SUIT IN WRONG COUNTY: EFFECT. Action begun in Polk county upon three promissory notes, payable at Iowa City, and upon an account, as to which it is not averred where it was payable. The defendant was a resident of Nebraska, but was found in Greene county, Iowa, where notice of the action was served upon him. He made a special appearance, and moved to dismiss the case upon the ground that he was not subject to the jurisdiction of the court but the motion was overruled. He made no further appearance,

and judgment upon default was rendered against him. *Held* that the court did not err, because, while, under section 2586 of the Code, the action should have been commenced in Greene county, where defendant was found and served, yet defendant's remedy for that error was not to object to the jurisdiction of the court, but to ask for a removal of the cause to the proper county, under section 2589 of the Code ; and, failing to do that, the court properly retained the cause and rendered judgment. (See opinion for cases cited.)

*Appeal from Polk District Court.*—Hon. W. F. Conrad, Judge.

Filed, June 6, 1889.

This is an action upon three promissory notes, and upon an account. The notes were payable at Iowa City, in this state, and the place of payment of the account is not averred. The defendant was not a resident of this state, but was a resident of Sheridan county, Nebraska. He was served with an original notice of the action in Greene county, in this state. He made a special appearance, and filed a motion to dismiss the case upon the ground that he was not subject to the jurisdiction of the court, which motion was overruled. He made no further appearance to the action. Default was entered and judgment was rendered against him, and he appeals.

*J. A. Gallaher* and *Timothy Brown*, for appellant.

*Kauffman & Guernsey*, for appellees.

Rothrock, J. —The sole question to be determined is whether the court erred in overruling the motion to dismiss the action. Counsel for appellant contend that the ruling was contrary to section 2586 of the Code, which, so far as applicable to the question under consideration, is as follows : "Except where otherwise provided herein, personal actions must be brought in a county wherein some of the defendants actually reside. But, if none of them have any residence within this

state, they may be sued in any county wherein either of them may be found. * * *" Counsel say that this provision of the statute "is a complete argument to the case; that the defendant could not be sued in Polk county when he was found in Greene county." This would probably be correct if this section of the statute were to be considered alone. But section 2589 provides that "if a suit be brought in a wrong county it may there be prosecuted to a termination, unless the defendant, before answer, demand a change of place of trial to the proper county. * * *" This is a purely personal action, and it was not aided by attachment. The action should have been brought in Greene county, because the defendant was a non-resident of the state, and was found in that county. But section 2589 defines and prescribes the consequences or effect of bringing the action in the wrong county. It gives the defendant a right to demand a change of the place of trial to the proper county; and, if no such demand be made, the case may be prosecuted to a termination in the county where it was commenced, and a personal action brought in the wrong county does not affect the validity of the judgment rendered therein. The failure to move for a change of venue is a waiver of the right to such change. *Leach v. Kohn*, 36 Iowa, 144. It has been repeatedly held by this court that a party sued in the wrong county cannot appear and demur to the jurisdiction of the court. *Lyon v. Cloud*, 7 Iowa, 1; *Cole v. Conner*, 10 Iowa, 299; *Goldsmith v. Willson*, 67 Iowa, 662. It is true, in all of these cases the defendants were residents of this state. But there is no reason why the same rule should not apply to non-residents, when sued within the state. The courts of one state can acquire no jurisdiction of the person of a non-resident of the state by the service of an original notice in another state. *Weil v. Lowenthal*, 10 Iowa, 575. But when service is made in this state jurisdiction is acquired, and judgments may be rendered against non-residents the same as residents. It appears to us that counsel for appellant ignores the distinction between jurisdiction of the

person of the defendant in an action and jurisdiction of the subject-matter of the suit. In this case there was complete jurisdiction of the subject-matter ; that is, the district court had jurisdiction to try and determine an action founded upon promissory notes and an account. If it had no power to try and decide an action of that kind, the appearance of the defendant, and even his consent, would not confer jurisdiction. But it is quite different when a question arises involving the jurisdiction of the person of the defendant. In such case, if sued in the wrong county, he may appear and demand the change. If he does not make the demand, he is held to consent to a trial where the action is brought. As to some extent sustaining these views, see *Orcutt v. Hanson*, 71 Iowa, 514.

The judgment of the district court will be

AFFIRMED.