E. S. WEST, Appellant, v. R. H. HEYMAN, Appellee.

No. 41237.

MARCH 8, 1932.

REHEARING DENIED JUNE 24, 1932.

Bush & Bush and L. R. Harding for appellant.

H. S. Miller for appellee.

GRIMM, J.—On June 17, 1931, the plaintiff filed in the municipal court in the city of Clinton, Clinton County, Iowa, a petition, alleging, in substance, that on the 26th day of June, 1930, Heyman, the defendant herein, filed in the municipal court in the City of Clinton, Iowa, a petition in which the plaintiff West and others were defendants. In said latter petition, Heyman sought a judgment on a promissory note for $530.00, dated September 1, 1927, due ninety days after date, which note, by express terms, was made payable at Clinton, Iowa. The prayer of the petition was for the unpaid balance on the note, amounting to $507.91.

It is charged that an original notice, issued from the municipal court in the City of Clinton, was served on West by leaving a copy thereof with Mrs. E. S. West, plaintiff's wife. West lived in Davenport in Scott County. He defaulted and a judgment was entered against him by the municipal court of Clinton for the $507.91 for costs and interest.

It is further alleged in the petition in the case that said municipal court of the City of Clinton was without jurisdiction of the said West in the original action, and plaintiff prays that the "judgment be annulled and cancelled and that the defendant, R. H. Heyman, be permanently enjoined from attempting to enforce the collection thereof by levy of execution or any other means and that this plaintiff have judgment against the defendant for costs of this action and such other and further relief as to the court shall seem just and equitable in the premises."

To this petition, the defendant Heyman (plaintiff in the first action) filed a motion to dismiss, in which said motion it is alleged, among other things, that the municipal court of Clinton had jurisdiction to try the issues presented, that the service was sufficient, and that the plaintiff "states no equity or right to set aside or to enjoin the enforcement of the valid existing judgment upon the note."

As previously indicated, this motion to dismiss was sustained,

and the appellant West (defendant in the original action) appeals.

The principal contention of the appellant is based upon the express terms of Section 10657 of the Code of 1931, as follows:

"The jurisdiction of the municipal court shall be co-extensive with the territorial limits of the county. * * *"

While it is true that West, the defendant in the original action, never was a resident of the city of Clinton or of Clinton County, and at all times material to the inquiry, lived in Davenport in Scott County, Iowa, nevertheless it must be borne in mind that the note in controversy by its express terms was made payable in Clinton, in Clinton County. Such being the case, the municipal court of Clinton County, by the well-established rules, had jurisdiction of the subject matter.

Section 11040 of the Code reads as follows:

"Place of contract. When, by its terms, a written contract is to be performed in any particular place, action for a breach thereof may, except as otherwise provided, be brought in the county wherein such place is situated."

Section 11050 of the Code reads as follows:

"Negotiable paper. In all actions upon negotiable paper, except when made payable at a particular place, in which any maker thereof, being a resident of the state, is defendant, the place of trial shall be limited to a county wherein some one of such makers resides."

Further citations in support of this proposition are unnecessary.

By Section 10655 of the Code, it is provided:

"Jurisdiction—Civil matters. It [the municipal court] shall have concurrent jurisdiction with the district court in all civil matters where the amount in controversy does not exceed one thousand dollars, except in probate matters, actions for divorce and alimony and separate maintenance, juvenile proceedings unless otherwise authorized, and those directly affecting the title to real estate."

The amount involved was within the provisions of the foregoing section.

It is also contended that inasmuch as West was a non-resident of Clinton County at the time of service of notice upon him, an original notice could not issue from the municipal court of Clinton and be served upon West in Scott County in such a manner as to be the basis for a personal judgment against West.

By Section 10664 of the Code, it is provided:

"Laws applicable—rules. All provisions of law relating to the district court and the judges and jurors thereof shall, so far as applicable and when not inconsistent with this chapter, apply to the municipal court and the judges thereof. * * *"

Moreover, Section 10668 is as follows:

"Return day. In all civil actions, the original notice shall require the defendant, if served within the county, to appear and answer not less than five nor more than fifteen days from the day of service thereof; if served without the county, not less than ten or more than twenty days from the day of service thereof."

Section 11038 of the Code is as follows:

"Resident—Attachment. Except as hereinafter provided, an action against a resident of this state must be brought in the county of his residence, or that in which the contract was to be performed, except that, if an action be duly brought against such defendant in any other county by virtue of any of the provisions of this chapter, then such action may, if legal cause for an attachment exist, be aided by attachment."

Manifestly, if the Legislature had intended that an original notice out of a municipal court should issue for service only within the county in which the court is organized, the foregoing sections would not have been passed.

The words "the jurisdiction of the municipal court shall be coextensive with the territorial limits of the county", appearing in Section 10657 of the Code, expand the jurisdiction beyond the limits of the city in which the court is established; but manifestly those words were not intended to change the method of serving original notices and bringing actions as the same are definitely fixed in relation to the district court.

The appellant claims that the note, by its terms, is the obligation, not of the defendant West, but the obligation of the

Mississippi Valley Spiritualist Association, of which West was president at the time of the signing of the note. This claim might have been a legitimate defense to the action had West appeared in the municipal court of Clinton and raised the issue. It was for the court to determine whether there was any personal obligation on the part of West, growing out of the manner in which the note was executed, through West's signature.

The court having jurisdiction of the subject matter and a proper original notice having been properly served upon West, he cannot at this time and in this manner raise the issue that he was not personally liable on the note in question.

There has been no appeal from the judgment entered against West.

We find no error in the proceedings, and the cause must be, and is,—Affirmed.

WAGNER, C. J., and EVANS, MORLING, and KINDIG, JJ., concur.