HALKES *v.* DOUGLAS & LOMASON CO.

1. Courts—Jurisdiction—Subject-Matter—Consent.
    Jurisdiction of the subject-matter is conferred by law and cannot be conferred on court by consent.

2. Same—Jurisdiction of Subject-Matter—Question Raised Sua Sponte.
    Question of jurisdiction of subject-matter should be raised by the court on its own motion.

3. Equity—Jurisdiction—Multiplicity of Suits—Labor Claims.
    Equity has jurisdiction to avoid a multiplicity of suits but the existence of a number of independent actions at law for small labor claims is insufficient to confer equitable jurisdiction though parties stipulate continuance of jurisdiction in equity after denial of receiver under 3 Comp. Laws 1929, §§ 15930, 15931.

Appeal from Wayne; Richter (Theodore J.), J. Submitted April 17, 1934. (Docket No. 96, Calendar No. 37,438.) Decided June 4, 1934.

Bill by Frank Halkes and others against Douglas & Lomason Company, a corporation, to enforce wage claims, for appointment of a receiver and other relief. Decree for plaintiffs. Defendant appeals. Reversed.

*William L. Thorp,* for plaintiffs.

*Frederick W. Bauer* and *Harold Goodman,* for defendant.

BUSHNELL, J. Thirty-three plaintiffs, who were later joined by ten others, all employees of defendant company, sought the aid of a court of equity in enforcing their claims for various balances due as wages. The bill of complaint, filed February 2, 1932, prayed for the appointment of a receiver under the provisions of 3 Comp. Laws 1929, §§ 15930, 15931, and an accounting. On February 6, 1932, an order to show cause why a receiver should not be appointed was heard and denied. A stipulation between the attorneys for the parties was filed on May 5th, by which it was agreed that the equity court retain jurisdiction, the cause to be assigned to a circuit court commissioner for the taking of proofs.

Exceptions were taken to the findings of fact and conclusions of law of the commissioner, and the matter was then heard by the circuit court, resulting in a decree in a sum totaling $1,288.18 in favor of 27 of the plaintiffs. Individual amounts were found to be due, ranging from $5.26 to $112.83. Fifteen of the awards were under $50 and the remainder, with one exception, under $100.

Upon argument here, the question of the trial court's jurisdiction sitting in equity was raised *sua sponte*. In *Lamberton* v. *Pawloski,* 248 Mich. 330, we questioned, on our own motion, the propriety of the trial court's acquiescence in a stipulation that it determine an issue already pending in an action of ejectment, where jurisdiction was obtained by a bill to quiet title. In that case the decree below was affirmed by a divided court. It is most desirable that any uncertainty as to the right to confer equitable jurisdiction by stipulation be removed.

If the claims had been asserted in separate suits at law, none of them could have been appealed to this court without leave. Court Rule No. 60 (1933); 3 Comp. Laws 1929, § 15491. At least 15 of them could not have been appealed from the common pleas court of the city of Detroit to the circuit court without leave. Act No. 475, Local Acts 1903; 3 Comp. Laws 1929, § 16372, and Court Rule No. 76, § 6 (1933). We are unwilling to place the stamp of approval on a practice that will permit any two or more groups of litigants to invoke the aid of the equity court by the will or wish of the parties. As stated in Justice POTTER's opinion in *Lamberton* v. *Pawloski, supra,* jurisdiction of the subject-matter is governed by law and cannot be conferred by consent, and it is the duty of the court to raise the question of jurisdiction on its own motion.

Equity has jurisdiction to avoid a multiplicity of suits, but as stated by Justice FEAD in *Salisbury* v. *City of Detroit,* 258 Mich. 235:

"The existence of a number of independent actions at law does not constitute the multiplicity of suits which confers equitable jurisdiction," citing *Youngblood* v. *Sexton,* 32 Mich. 406 (20 Am. Rep. 654).

The decree is reversed and the bill of complaint is dismissed, without costs.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.