EDUCATIONAL FILM EXCHANGES of Iowa, Inc., Appellant, v. R. R. HANSEN, Appellee.

No. 43306.

1154

APRIL 7, 1936.

A. J. Myers, Sam Abramson, and R. A. Rockhill, for appellant.

R. P. Scott and W. D. Kearney, for appellee.

MITCHELL, J.—This is the third time that the subject-matter of this case has been before this court; so we must turn to the historical background in order to get a clear picture of the controversy.

On the 10th day of November, 1932, the plaintiff, Educational Film Exchanges of Iowa, secured a judgment in the municipal court of the city of Des Moines, Polk county, Iowa, against one Don Thornburg, in the amount of $814.56. After the rendition of said judgment, upon the petition of Thornburg the Supreme Court of Iowa granted a writ of certiorari. On the 27th of February, 1933, Thornburg filed a stay bond in the office of the clerk of the Supreme Court of Iowa, with the defendant R. R. Hansen as surety thereon. The writ of certiorari was annulled by this court. See Thornburg v. Mershon, 216

Iowa 455, 249 N. W. 209. After the writ was annulled, Thornburg attempted to perfect an appeal to the Supreme Court of Iowa from the said money judgment entered against him by the municipal court of the city of Des Moines, Polk county, Iowa, which appeal was duly dismissed by this court. See Educational Film Exchanges v. Thornburg, 217 Iowa 178, 251 N. W. 66. On the 19th day of March, 1934, the plaintiff in this action filed its petition in the office of the clerk of the district court of Marshall county, Iowa, seeking judgment against the defendant, who was the surety on the bond in the certiorari case, in the amount of the judgment rendered by the municipal court of the city of Des Moines in the case of Educational Film Exchanges of Iowa, Inc., v. Thornburg, together with costs and attorneys' fees which had been advanced by the plaintiff. The suit was based upon the bond which had been signed by Hansen as surety in the certiorari proceedings of Educational Film Exchanges v. Thornburg.

The defendant answered, setting up first a general denial, and then pleading:

(1) That the judgment obtained in the municipal court of the city of Des Moines is null and void because notice of the suit was served upon the said Thornburg by the sheriff of Marshall county, Iowa, in Marshall county, the place of residence of the said Thornburg.

(2) That the contract upon which appellant sued Thornburg was not performable in Polk county, and that the contract did not give the municipal court of the city of Des Moines jurisdiction of said Thornburg or of said cause of action.

(3) That by reason thereof the municipal court of the city of Des Moines had no jurisdiction of the said Thornburg or of the said cause, and that the judgment was null and void against the said Thornburg and against the said Hansen, and that all the proceedings following the rendition of said void judgment are null and void against the said Thornburg as well as against the said Hansen.

(4) That the municipal court of the city of Marshalltown had decreed that the judgment obtained by appellant in the municipal court of the city of Des Moines, is null and void; that after the rendition of the said judgment in the city of Des Moines, an execution was placed in the hands of Sheriff Wicklund of Marshall county; that said Thornburg started an action

in the municipal court of the city of Marshalltown against the appellant herein, Educational Film Exchanges, and Sheriff Wicklund, and the said municipal court of the city of Marshalltown, by proper decree, enjoined the sheriff from proceeding under said execution or any execution, based upon the said judgment, and permanently enjoined the appellant, Educational Film Exchanges, from proceeding to collect on said judgment.

The plaintiff filed a motion to strike all parts of the answer except the paragraph either denying or admitting parts of plaintiff's petition, which, in effect, moved to strike the matters above set out upon the following grounds:

(1) The same do not constitute a defense to appellant's action for the reason that, upon the face of the pleadings and stipulation filed herein, appellant's action is based upon appellee's bond wherein it is recited that the appellee agrees to pay the judgment rendered against the said Thornburg by the municipal court of the city of Des Moines in favor of appellant.

(2) The said judgment so rendered in the municipal court of the city of Des Moines is not open to collateral attack by the appellee in this cause, and the appellee has no legal right to question the validity of said judgment or to attack the same in this cause or in the manner attempted in appellee's answer.

(3) That the pleadings and stipulations filed herein show on their face that all the matters referred to and set forth in said portion sought to be stricken from appellee's answer have been fully and completely adjudicated by a court of competent jurisdiction.

(4) That the injunction decree of the municipal court of the city of Marshalltown, purporting to enjoin appellant from attempting to enforce said judgment rendered by the municipal court of the city of Des Moines and purporting to decree the said judgment rendered by the municipal court of the city of Des Moines, null and void, as having been entered without jurisdiction, is null and void and of no force and effect, for the reason that the municipal court of the city of Marshalltown had no jurisdiction of the subject-matter of the action, and could not enter a valid judgment or decree, and is no defense to appellant's action.

The lower court overruled the plaintiff's motion to strike, to which ruling it duly excepted, and, being dissatisfied, has appealed to this court.

The Educational Film Exchanges of Iowa, Inc., commenced an action in the municipal court of the city of Des Moines against one Don Thornburg. It was a suit upon a written contract which it was claimed in the petition filed was performable in the city of Des Moines. Thornburg was not a resident of Polk county, but lived in Marshall county; Due and legal service of original notice was made on him, and he thereafter appeared in the municipal court with his attorney and filed a motion for a change of venue. His motion for a change of venue was overruled. He saw fit then to permit judgment to be entered against him, and immediately secured a writ of certiorari from this court, in which he challenged the jurisdiction of the municipal court of the city of Des Moines. Upon the issuing of the writ, Thornburg filed a stay bond, and the appellee in this action, R. R. Hansen, signed said bond as surety. The writ of certiorari was annulled. See Thornburg v. Mershon, 216 Iowa 455, 249 N. W. 209. Thereafter, Thornburg attempted to appeal from the judgment of the municipal court of the city of Des Moines, but the appeal was dismissed by this court. See Educational Film Exchanges of Iowa, Inc., v. Thornburg, 217 Iowa 178, 251 N. W. 66. It is the contention of the appellant that the appellee in his answer seeks collaterally to attack the judgment rendered by the municipal court of the city of Des Moines, alleging in effect that the judgment is void because the court erroneously overruled the motion for a change of venue of said Thornburg in that cause; that the defense which the appellee has pleaded and which the appellant has asked to be stricken would in effect give the district court of Marshall county a right to review the action of the municipal court of Des Moines and to determine whether the municipal court of the city of Des Moines erred in overruling the motion for change of venue in the case of Educational Film Exchanges v. Thornburg.

I. So the first question with which we are confronted is, "Did the Municipal Court of the City of Des Moines have jurisdiction to enter the judgment in the case of Educational Film Exchanges of Iowa, Inc., v. Thornburg?" which is the judgment that appellee is being sued for upon the bond which he signed in the certiorari matter.

Section 10654 of the Code of Iowa 1931, establishes the municipal court as a court of record.

Section 10655 of the Code of Iowa 1931, grants to the mu-

nicipal court concurrent jurisdiction with the district courts in all civil matters where the amount in controversy does not exceed $1,000, except in certain cases which are not material or involved in this action, and in all matters in which the municipal court has jurisdiction, the court and the judges have and exercise the same powers as are possessed by the district court.

Section 10657 of the Code of Iowa 1931, provides that the jurisdiction of the municipal court shall be coextensive with the territorial limits of the county.

Section 10664 of the Code of Iowa 1931, renders applicable all provisions of the law relating to the district court so far as the same are applicable and when not inconsistent with any of the provisions of the chapter relating to the municipal court.

The amount involved in the case at bar came within the provisions of section 10655; being less than $1,000 .

In the case of West v. Heyman, reported in 214 Iowa 1173, on page 1176, 241 N. W. 451, 452, this court said:

"Manifestly, if the Legislature had intended that an original notice out of a municipal court should issue for service only within the county in which the court is organized, the foregoing sections would not have been passed.

"The words 'the jurisdiction of the municipal court shall be coextensive with the territorial limits of the county', appearing in section 10657 of the Code, expand the jurisdiction beyond the limits of the city in which the court is established; but manifestly those words were not intended to change the method of serving original notices and bringing actions, as the same are definitely fixed in relation to the district court. * * * ᴖ

"The court having jurisdiction of the subject matter and a proper original notice having been properly served upon West, he cannot at this time and in this manner raise the issue that he was not personally liable on the note in question."

The same statute that provides for a change of venue in the district court governs and controls the municipal court. The same statute that grants the remedy where an action is brought in the wrong county, which governs the district court, controls the municipal court.

 Thornburg, in the municipal court action in Des Moines, resorted to that statute and invoked the jurisdiction of the municipal court in the city of Des Moines by filing a motion

for change of venue. This was the proper procedure, and in so acting he must necessarily have recognized that the court had jurisdiction of the subject-matter and of the right of the municipal court to pass upon such a motion. The court ruled on the motion adversely to Thornburg.

This court said in Reinsurance Life Company v. Houser, 208 Iowa 1226, at page 1228, 227 N. W. 116, 117:

"If the court has authority to determine the cause at all, it has authority to determine it wrongfully, as well as rightfully, and the decision, if wrongful, may be corrected only by direct proceedings to that end."

If the municipal court of Des Moines was wrong in its ruling upon his motion for change of venue, Thornburg had an adequate remedy. He attempted to use that adequate remedy by perfecting an appeal to the Supreme Court of Iowa. However, the appeal was not properly perfected, and this court dismissed same. If there was error in the ruling, it was error in the exercise of jurisdiction and not want of jurisdiction, and, in the absence of correction of the error in the exercise of jurisdiction by proper proceedings, the judgment rendered in said cause is a valid judgment.

This court has distinguished between what it terms a "void judgment" and a "voidable judgment". In Northwestern Casualty & Surety Co. v. Conaway, 210 Iowa 126, at page 129, 230 N. W. 548, 549, 68 A. L. R. 1465, this court said:

"The Minnesota court clearly had jurisdiction to pass upon the motion to quash the summons, and, in doing so, must necessarily determine whether appellant was, or was not, immune from the service of process in that state. The filing of the motion to quash necessarily invoked the jurisdiction of the court for that purpose. That was the question first to be litigated in that court. Even if it be assumed that the decision on the motion to quash was erroneous, it cannot be said that it was rendered without jurisdiction. Whether the judgment might have been avoided by some appropriate proceedings in the state of Minnesota is not here material. If there was error in the ruling, it could and should have been corrected on appeal, or by other appropriate proceeding in the courts of the state where rendered. No case is cited, nor have we been able to find any, to the effect

that a judgment entered under the facts of this case was void. Whether the strict doctrine of res adjudicata is applicable at this point or not, certain it is that the courts of this state cannot refuse to give full faith and credit to a judgment rendered in a sister state which is voidable only, and not void."

And in the case of Reinsurance Life Company v. Houser, 208 Iowa 1226, at pages 1227, 1228, 227 N. W. 116, 117, this court said:

"Appellants say: 'There is just one question involved in this case, and that question is, Did the district court have jurisdiction of the subject matter? Appellant says, "no," because Section 11940, Code of 1924, specifically denies the right of the court and executor to sell a homestead for the purpose of paying debts. * * *'

"For the purpose of the point here made, a court has jurisdiction of the subject-matter if, under the law defining its power and jurisdiction, it has authority to hear and determine the general class of causes or proceedings to which that in question belongs. If the court has authority to determine the cause at all, it has authority to determine it wrongfully as well as rightfully, and the decision, if wrongful, may be corrected only by direct proceedings to that end. * * * The district court is expressly invested by statute with power to determine whether the real property of the decedent shall be mortgaged for the purpose of paying debts. * * * The court had jurisdiction of the subject-matter. * * * If the court was in error in determining that the land and the interests of these defendants in it were such that the land could be mortgaged for the payment of decedents' debts, the remedy was by proceedings to vacate the judgment, or by appeal, and not by this collateral attack. * * * The person of the minor defendant was within the jurisdiction of the court. * * *

"It is res adjudicata that the land in controversy was liable to mortgage for the debts for which the court ordered it mortgaged, and that the title of the defendants is subject to the mortgage."

The appellee in his brief and argument says that a void judgment may be attacked in any proceedings in which the judgment is sought to be enforced, and cites three cases, all of which are justice of the peace cases, wherein the court was wanting in

jurisdiction and the judgment was utterly void because of that fact. There is a great distinction between the jurisdiction of a justice of the peace court and a municipal court or district court. All courts, whether justice of the peace, municipal, or district, must find their jurisdiction in the statute. The statute investing the justice of the peace with jurisdiction over certain matters expressly denies the right of the justice to entertain jurisdiction of the subject-matter of claims for the recovery of money against residents of a county other than that in which the justice resides. See sections 10502 and 10509 of the Code of 1931. The two sections cited are clear, unambiguous, and very simple in both interpretation and construction. Jurisdiction in such cases is conferred upon the justice of the peace only if the written contract provides for payment in the township wherein the justice resides. Not so in the case of the municipal court or district court. The statutes with reference to the jurisdiction of the district court and the municipal court do not deny the right of either of such courts to entertain jurisdiction of subject-matter of claims against nonresidents of the county, but expressly state that if such an action is brought in the wrong county the defendant has his remedy by a motion for change of venue.

In the case of Marquardt v. Thompson, 78 Iowa 158, at page 160, 42 N. W. 634, 635, this court said:

"It gives the defendant a right to demand a change of the place of trial to the proper county; and, if no such demand be made, the case may be prosecuted to a termination in the county where it was commenced, and a personal action brought in the wrong county does not affect the validity of the judgment rendered therein. The failure to move for a change of venue is a waiver of a right to such change. Leach v. Kohn, 36 Iowa 144. It has been repeatedly held by this court that a party sued in the wrong county cannot appear and demur to the jurisdiction of the court. Lyon v. Cloud, 7 Iowa 1; Cole v. Conner, 10 Iowa 299; Goldsmith v. Willson, 67 Iowa 662, 25 N. W. 870."

Thus we find that the judgment entered in this case was not a void judgment, whereas the judgments entered in the justice of the peace cases cited in appellee's brief were void judgments, and of course, where the judgment is void, it can be attacked at any time or at any place.

The municipal court of Des Moines having jurisdiction to

enter the judgment in the Thornburg case, the question as to the validity of that judgment cannot again be litigated, and the court should have stricken from the answer filed that part which pleads as a defense that the judgment was null and void; being paragraphs 1, 2, and 3 as set out in that part of the answer referred to in this opinion.

II. We come now to the second question here raised: that the municipal court of the city of Marshalltown had no jurisdiction to enter any decree or order enjoining the appellant from enforcing the judgment entered by the municipal court of the city of Des Moines, or to decree the said judgment as being void, and the said decree so entered by the municipal court of the city of Marshalltown, is therefore null and void and is no defense.

The record shows that some time after the entering of the judgment in the municipal court an execution was issued and forwarded to the sheriff of Marshall county, with instructions to levy. Thereafter, Thornburg commenced an action in the municipal court of the city of Marshalltown, seeking to enjoin the sheriff of Marshall county from levying the execution and praying that the Educational Film Exchanges of Iowa be permanently enjoined from the levying of the execution; and that the judgment entered against Thornburg by the municipal court of the city of Des Moines be declared null and void. Such a decree was entered by the municipal court of Marshalltown, and is now pleaded as one of the defenses to this action.

We must look to the statute to ascertain with what jurisdiction the district court and municipal courts are vested. Section 12527 of the Code of Iowa, 1931, provides as follows:

"Restraint on proceedings or judgment—venue. When proceedings in a civil action, or on a judgment or final order, are sought to be enjoined, the action must be brought in the county and court in which such action is pending or the judgment or order was obtained. * * *"

The statute does not say that an utterly void judgment may not be collaterally attacked in any court, but it does say in express terms that if a person desires to seek affirmative injunctive relief to restrain the enforcement of a judgment, he must bring the action to enjoin in the county and in the court wherein the judgment was rendered.

In Ferris v. Grimes, 204 Iowa 587, at page 589, 215 N. W. 646, 647, Mr. Justice Wagner, speaking for this court, said:

"It is the contention of the plaintiff that a void judgment is no judgment, and that any district court of the state, having acquired jurisdiction of the necessary parties, has jurisdiction to enjoin proceedings under a void judgment rendered elsewhere in the state.

"The answer to this contention of the plaintiff's, applicable to the averments in plaintiff's petition, is found in our statutory law and in the repeated pronouncements of this court. Section 12527, Code 1924, provides:

" 'When proceedings in a civil action, or on a judgment or final order, are sought to be enjoined, the action must be brought in the county and court in which such action is pending or the judgment or order was obtained.'

"There is an exception in the statute, which has not been quoted, but the exception does not apply to the instant case. We have repeatedly held that injunction to restrain proceedings on a judgment must be pursued or brought in the county and court in which the judgment was obtained. Hawkeye Ins. Co. v. Huston, 115 Iowa 621, 89 N. W. 29; Lockwood v. Kitteringham, 42 Iowa 257; Anderson v. Hall, 48 Iowa 346; Bennett v. Hanchett, 49 Iowa 71; Grattan v. Matteson, 51 Iowa 622, 2 N. W. 432; Ulber v. Dunn, 143 Iowa 260, 119 N. W. 269; Brunk v. Moulton Bank, 121 Iowa 14, 95 N. W. 238. The municipal court has jurisdiction over controversies such as the one in the instant case. Section 10655, Code 1924. In the language of section 12527 of the Code hereinbefore cited, the plaintiff is seeking to enjoin proceedings on a judgment. Lockwood v. Kitteringham, supra. As said in Grattan v. Matteson, supra:

" 'It is claimed that section 3396 [now Section 12527, Code 1924] is not applicable, because it is alleged that the judgment in question is void and hence no judgment. But it can be determined that the judgment is void only by judicial investigation.'

"The place for this judicial investigation is fixed by the statute in the county and court in which the judgment was obtained. The Cherokee county district court has no power or jurisdiction to issue an injunction restraining proceedings on the judgment."

In Keeling v. Priebe, 219 Iowa 155, 156, 257 N. W. 199, 200,

1164

Mr. Justice Kintzinger in approving Ferris v. Grimes, and Bankers Trust Company v. Scott, 215 Iowa 1107, 246 N. W. 836, said:

"It is the well-settled law of this state that 'when proceedings in a civil action, or on a judgment or final order, are sought to be enjoined, the action must be brought in the county and court in which such action is pending or the judgment * * * obtained.' "

It thus follows that the municipal court of Marshalltown, Iowa, had absolutely no jurisdiction, at the very outset, to enter any valid, legal, or binding decree, and the decree rendered must be held to be utterly void. Appellant's motion to strike should have been sustained, and the lower court erred in overruling the same.

Judgment and decree of the lower court must be, and it is hereby, reversed.

The Chief Justice and all Justices concur.