LELA MCCALL, APPELLANT, V. HAMILTON COUNTY FARMERS TELEPHONE ASSOCIATION, APPELLEE.

280 N. W. 254

FILED JUNE 17, 1938. No. 30389.

*Clifford L. Rein* and *Homer L. Kyle,* for appellant.

*Chambers, Holland & Locke, contra.*

Heard before GOSS, C. J., EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

DAY, J.

This is a compensation case. It was appealed from the compensation court to the district court for Lancaster county by stipulation.

The appellant (employee) now contends that the district court for Lancaster county was without jurisdiction to review, reverse and set aside the award of the compensation court. The statute provides that the award of the compensation court is conclusive unless reversed or modified on appeal. Comp. St. Supp. 1937, sec. 48-174. The section referred to provides that an aggrieved party may file his petition for review in the district court for the county in which said cause arose. The evidence shows without dispute that the cause of action arose in Hamilton county.

The compensation act is a legislative remedy and is applicable as the legislature directs. The statutes provide: "Upon the written stipulation of the parties in the case the matter may be submitted to the district court of any county in the state either at or during a regular term." But it is said that this proviso applies only where a disaffected party wishes to appeal directly from the award of a single judge of the workmen's compensation court rather than from the rehearing provided by the entire

court. In this case a rehearing was had on application of one of the parties by the compensation court. But section 48-176, Comp. St. Supp. 1937, has this proviso: "Upon the written stipulation of the parties the cause may be heard in any other county in the state, *and in like manner in the district court.*" There would seem to be no doubt but that the legislature authorized that the parties might stipulate for a hearing before the district court for any county in the state. A workmen's compensation case may be heard by stipulation of parties in an appeal from the workmen's compensation court by the district court for any county.

There is another valid reason which prevents the appellant here from questioning the jurisdiction of the district court for Lancaster county. The district court for the various counties of the state generally have been given jurisdiction of appeals from the workmen's compensation court. Even if the legislature had not provided that the parties could stipulate that a district court for a certain county might hear the case, the court has jurisdiction over the subject-matter. The venue is decided under the law by the place in which the cause of action arose. The parties in this case stipulated that the case should be submitted to the district court for Lancaster county. The appellant thus invoked the jurisdiction of the court and asked it to render a judgment. It was not until the motion for rehearing in the district court that she questioned the jurisdiction of the court. At that time she knew the district court had decided against her contention. It was then too late, after an adverse finding, to question the jurisdiction of the court.

A party invoking a court's jurisdiction in a case where the court has jurisdiction of the subject-matter is estopped to object thereto afterward. *In re Estate of Nilson,* 126 Neb. 541, 253 N. W. 675; *City of Enderlin v. Pontiac Township,* 62 N. Dak. 105, 242 N. W. 117; *In re Petition of Farber,* 260 Mich. 652, 245 N. W. 793; *Educational Film Exchanges v. Hansen,* 221 Ia. 1153, 266 N. W. 487. Of course, jurisdiction of the subject-matter is necessary in

such a case. "Jurisdiction of the subject-matter," says the Michigan court, "is conferred by law and cannot be conferred on a court by consent." *Halkes v. Douglas & Lomason Co.,* 267 Mich. 600, 255 N. W. 343. Another court holds: "Jurisdiction of subject-matter cannot arise from consent or submission of parties." *O'Neal v. Diamond A Cattle Co.,* 63 S. Dak. 481, 260 N. W. 836. The Wisconsin court, in an opinion written recently by Chief Justice Rosenberry, held that the parties cannot confer jurisdiction upon a court where the court has no jurisdiction of the subject-matter. *Estate of George,* 225 Wis. 258, 274 N. W. 294, vacating mandate, 225 Wis. 251, 270 N. W. 538.

Having considered the jurisdictional question, the merits of the case will now be considered. The employee in the case was a telephone operator for the appellee. There were about nine operators employed at the exchange. In order to recover, the employee must allege and prove that she was injured in an accident. The workmen's compensation law defines "accident" as used therein as follows: "The word 'accident' as used in this act, shall, unless a different meaning is clearly indicated by the context, be construed to mean an unexpected * * * event happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of an injury." Comp. St. Supp. 1937, sec. 48-152.

The section of the statute above cited also provides: "The said terms shall in no case be construed to include occupational disease in any form, except occupational diseases which arise out of and during the course of employment and are peculiar to the smelting, metal refining, or battery manufacturing industries, and which are contracted by workmen employed in said industries, and disability commencing during the period of employment, or disability commencing within two years subsequent to the termination of said employment, and occupational diseases contracted in these industries shall be included in said terms. Said terms shall not be construed to include any contagious or infectious disease contracted during the course of em-

ployment, or death due to natural causes, but occurring while the workman is at work."

The employee herself, as a witness, testified that on February 8, 1936, while she was working as an operator, she was taken with a violent pain in her ears and had to go home. She describes the nature of her disability in the following language: "My ears started to run and pain and then they started to scab and itched. And they just kept getting worse and finally I went to a doctor." The physicians who testified in this case are agreed upon the fact that the employee had and still has eczema. She continued to work, except for intermittent intervals when she was necessarily off, until her services were terminated by the company about August 6 of the same year, and she made a formal claim for compensation about November 30 of that year.

Is there sufficient evidence in the record to establish that the employee in the course of and arising out of her employment with the defendant was accidentally injured? The employee was one of nine or ten who performed similar work. No other employee contracted the disease. The appellant never had contracted it before, although she had worked at similar employment for about seventeen years, and never knew of any other similar employee contracting said disease. She was dismissed from the employment of the appellee about August 6, 1936, yet at the time of trial in the compensation court, July 21, 1937, she continued to be afflicted in the same manner.

It was stipulated by the parties that the physicians should send in statements and they would be received. In accordance with this agreement three physicians' statements were received as evidence in the record. As stated before, all three agree that the employee had and now has eczema. The statements of two physicians are very guarded and do not state definitely that her work and the use of the head set caused the condition.

Dr. Wengert states that from the history of the case it is his opinion that she contracted this condition from un-

clean head sets used by her in the performance of her duties.

Dr. Arthur L. Smith states in his history of the case: "She received an infection from an unsterilized head set which she was using. * * * If her history is true, the conditions above mentioned are due to the unsterilized head sets used by her as a telephone operator."

Dr. John Peterson states that she has chronic eczema, and agrees with the others that the head set rubbing her skin would irritate the condition. He further states that the supposed offending substance has been removed for nearly a year, and yet the condition persists. He says that she has a "chronic dermatitis," or eczema, of a very moderate degree in both ears, the cause of which is unknown at present.

None of the physicians states that he has ever examined the head set or a similar one, and that it is the cause of the trouble. The statement that it is the cause of the condition is the mere suspicion or speculation of the appellant. She states now, as she stated to the doctors in her history to them, that the head set is the cause. This court is firmly committed to the doctrine that the burden of proof is upon the employee to prove that the accident which caused the disability occurred in the course of her employment. Suspicion and speculation do not present sufficient cause upon which to base an award under the workmen's compensation act.

An employee claiming compensation under the workmen's compensation statute has the burden of establishing that he suffered injury from an accident arising out of and in the course of his employment. Awards for compensation must be based upon evidence showing that employee incurred disability arising out of and in the course of his employment, and not upon probabilities or possibilities. *Price v. Burlington Refrigerator Express Co.*, 131 Neb. 657, 269 N. W. 425; *Dehn v. Kitchen*, 54 N. Dak. 199, 209 N. W. 364. An injury to an employee must arise out of and in the course of his employment to be compensable. Comp. St.

1929, sec. 48-101; *De Porte v. State Furniture Co.,* 129 Neb. 282, 261 N. W. 419.

Eczema, state the medical authorities in this case, is a skin disease due to individual sensitiveness to some irritant, and the irritating substance is something which the plaintiff in this case is using, eating, or ·wearing at the present time. It is not an infection, as that term is generally used, and its causes are varied, numerous, and usually complex. It is not usually coupled with an accident, and is not in the present case except by the simple contraction of the condition. Section 48-152, Comp. St. Supp. 1937, in stating definition says: "The term 'injury' and 'personal injuries' shall mean only violence to the physical structure of the body and such disease or infection as naturally results therefrom."

Another authority says that eczema is a nonmicrobic inflammation of the skin. The head set, therefore, could not have had eczema germs upon it. If the head set had been unsterilized, as testified by the employee, it would not have caused the eczema under the evidence in this case. In view of the insufficiency of the evidence to establish that, there is no necessity to examine the case in detail relating to eczema or infection. Since we have determined that the evidence is insufficient to support an award, it is immaterial whether the statute of limitations has barred the action. The evidence as to this is in dispute, and no good purpose to the bench and bar could be served by a discussion of the evidence in this case. There is no apparent error in the record.

AFFIRMED.